15019, 15020.   WOODS *v.* MERCANTILE BANK & TRUST COMPANY;
and *vice versa.*

JENKINS, P. J. The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, or equivocal. *Shepard* v. *Chappell,* 29 *Ga. App.* 6 (2) (113 S. E. 23), and citations. If the plaintiff by his testimony proves the facts set forth by his petition, yet on cross-examination disproves his case as laid, a nonsuit will properly be granted. *Evans* v. *Mills,* 119 *Ga.* 448 (2), 450 (46 S. E. 674) ; *Evans* v. *Schofield's Sons Co.,* 120 *Ga.* 961 (48 S. E. 358). In the instant case the plaintiff by his own evidence has shown that the purpose of the transaction which is the basis of the action against the bank was an illegal lending of the credit of the bank as a mere accommodation to the plaintiff (*First Nat. Bk.* v. *Monroe,* 135 *Ga.* 614, 616, 69 S. E. 1123, 32 L. R. A. (N. S.) 550) ; and that the promise to answer for the debt or default of another, even

if it had been otherwise valid, was not in writing. The court did not err in granting the nonsuit.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 19, 1924.

Complaint; from city court of Savannah—Judge Freeman. July 19, 1923.

Henry Wood brought suit against the Mercantile Bank & Trust Company and D. Silver. In response to a demurrer setting up misjoinder of parties, Silver was stricken from the suit. The petition in substance alleged: that the defendants were jointly and severally indebted to the plaintiff in the sum of $1,950, because the defendant bank, acting through its president, A. Rauzin, approached the plaintiff and suggested to him that the bank desired to make a loan to the said Silver, but that, owing to the stringency of the money market, it did not have on hand the funds with which to make the loan, and that if the plaintiff would advance the money to it, the bank would lend the money to Silver, taking his note therefor, and would turn over the note so taken to the plaintiff, the note to be for $2,000, while the plaintiff would advance only $1,950, the difference between these sums representing interest on the note; that the bank, acting by and through its president, assured the plaintiff that the said sum would be repaid on the due date of the note, and, upon such assurances, the plaintiff loaned the bank on September 24, 1920, the said sum of $1,950, and received from it a note for $2,000, signed by Silver and payable to the bank; that on maturity of the note he indorsed it for collection and deposited it with the bank for payment, but that Silver failed and refused to pay the note, and the bank also refused to pay it. By amendment a copy of the note was set forth. It was dated September 23, 1920, and signed by D. Silver, payable 60 days after date to the order of Mercantile Bank & Trust Company, for $2,000, and indorsed with the name of H. Wood.

Demurrers of the bank were overruled, and it filed exceptions pendente lite, upon which error was subsequently assigned in its cross-bill of exceptions. It filed an answer setting up, in substance, that Silver had applied to it for a loan of $2,000, which was to be evidenced by a note signed by Silver and indorsed by the plaintiff; that it declined to make the loan, but told Silver that it would see if it could get any one to buy the note for $1,950, to which Silver assented; that Silver turned over to it the note

for $2,000 described in the amendment to the petition, which note was at that time indorsed by the plaintiff; that, knowing that the plaintiff had on deposit with it more than enough money to buy this note, it was suggested to the plaintiff that, since he had indorsed the note and would be liable on it in any event, he should himself purchase the note for $1,950, and he agreed to do so and gave the bank a check for $1,950, and took possession of the note for $2,000, which had already been indorsed by him, but that he asked that Silver should not be told who had purchased the note; that the bank put to Silver's credit the proceeds of the check, and Silver subsequently checked out of the bank the amount so credited. The answer further alleged that the bank did not borrow the money from the plaintiff, and in no way made itself liable or responsible for the payment of the note, but merely handled the matter gratuitously as an accommodation for the plaintiff and Silver.

On the trial of the case the only witness was the plaintiff. His testimony was, in substance, that he turned over this money to Mr. Rauzin, the president of the bank, in order that a loan might be made to Mr. Silver; that he knew he was to get a note for $2,000, signed by Silver, and was to make $50 on the transaction; that Rauzin told him that there was a scarcity of money in the bank, and, as he (the plaintiff) had several thousand dollars on deposit, Rauzin said to him, "You lend the money, and I will be responsible for the money." He further testified that Mr. Rauzin told him that if he (the plaintiff) would lend the money to Silver, he (Rauzin) would be responsible. He was asked the question, "And you knew that you were making the loan to Mr. Silver on Mr. Rauzin's responsibility?" His answer was: "The bank and Mr. Rauzin's responsibility. My statement is that I was to make the loan to Silver with the agreement by Mr. Rauzin that, if Silver did not pay it, the bank would be responsible for it. I understood it that way,—that he and the bank would be responsible." In answer to a subsequent question he said that he was not to make the loan to Silver, that the bank was responsible for it entirely, and that he had nothing to do with Silver; but he further said that he was to take Silver's note for it, and he knew that the money was to go to Silver, that the bank was to get the note and turn it over to him, and that Mr. Rauzin, in behalf of himself and

the bank, guaranteed the payment of the note. On redirect examination he stated that he was in the bank talking with the president, and the president told him that Silver needed some money; that he (the plaintiff) had some money in the bank, and could let Silver have the money, and he (Rauzin) and the bank would be responsible. On recross examination he testified that the president told him that if he let the bank be responsible for the amount, he (Rauzin), as president, would see that he got the money; that the president was to get a note from Silver and hand it to him; and that the president would see that the bank paid him, if Silver did not pay it.

The court granted a nonsuit, and the plaintiff excepted.

*George H. Richter,* for plaintiff.

*McIntire, Walsh & Bernstein,* for defendant.