### 17084. FLIPPIN *v.* CENTRAL OF GEORGIA RAILWAY CO.

BROYLES, C. J. 1. Where a servant sues his master for damages for personal injuries, the burden is on the plaintiff to show not only negligence on the part of the master, but due care on his own part; and it must appear that the plaintiff did not know, and had not equal means of knowing, all that which is charged as negligence, and that by the exercise of ordinary care he could not have known thereof. Civil Code (1910), § 3131; *Ludd* v. *Wilkins,* 118 *Ga.* 525, 526 (45 S. E. 429), and citations.

2. "The general rule of law declaring the duty of a master in regard to furnishing a servant a safe place to work is usually applied to a permanent place, or one which is quasi permanent. It does not apply to such places as are constantly shifting and being transformed as a direct result of the servant's labor, and where the work in its progress necessarily changes the character for safety of the place in which it is performed, as it progresses." *Holland* v. *Durham Co.,* 131 *Ga.* 715 (1) (63 S. E. 290); *L. & N. R. R. Co.* v. *Dunn,* 21 *Ga. App.* 379 (1) (94 S. E. 661), and citations.

3. Where a petition sets out a cause of action, and the plaintiff proves

Master and Servant, 39 C. J. p. 343, n. 24; p. 989, n. 29; p. 1001, n. 47, 59.

Trial, 38 Cyc. p. 1556, n. 9.

every fact charged, but where, on cross-examination or otherwise, his right to recover is disproved by the establishment of the existence of other undisputed defensive facts, which show that he is not entitled to a verdict, then a nonsuit should be awarded. *Evans* v. *Mills*, 119 *Ga.* 448 (2) (46 S. E. 674); *Evans* v. *Scofield's Sons Co.*, 120 *Ga.* 961 (48 S. E. 358); *Woods* v. *Mercantile Bank & Trust Co.*, 32 *Ga. App.* 106 (122 S. E. 819).

4. The cases cited and relied on by counsel for the plaintiff in error are distinguished by their particular facts from the instant case and from the cases cited above.

5. Under the above-stated rulings and the facts of this case, the court did not err in awarding a nonsuit.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., not participating, on account of illness.*

DECIDED APRIL 14, 1926.

Action for damages; from city court of Floyd county—Judge Bale. December 14, 1925.

*Porter & Mebane,* for plaintiff.

*Maddox, Matthews & Owens,* for defendant.