17641, 17667.    LATIMER *v.* BENNETT, superintendent of banks ; and *vice versa.*

1. Section 8 of the act of 1888 (Ga. L. 1888, p. 73), which fixes the liability of stockholders of the Washington Exchange Bank, has not been repealed or modified by subsequent legislation contained either in the act of 1893 (Civil Code of 1910, § 2270) or in the banking act of 1919 (Ga. L. 1919, p. 135), or otherwise. *Bennett* v. *Wilkes County,* 164 *Ga.* 790 (139 S. E. 566). The liability of stockholders of this bank is therefore fixed and determinable by the provisions of section 8 of the act of 1888 incorporating the bank.

2. The provision of section 8 of the act of 1888, incorporating the Washington Exchange Bank and fixing the liability of the stockholders therein, reads as follows: "That all the assets of the bank shall be liable for its debts, and each stockholder shall be individually liable for the debts of the corporation to the extent of his or her unpaid stock subscription, and in addition thereto, each stockholder shall be individually liable for the debts of the bank equally and ratably, and not one for another in an amount equal to the par value of the stock

owned by him or her at the time the debt was created." This section, wherein it provides that each stockholder "shall be individually liable for the debts of the bank equally and ratably," etc., fixes liability upon all the stockholders of the bank, whether they were holders of stock originally issued at the time of the bank's incorporation or subsequently became owners of stock, either by subscription to stock issued by the corporation or by transfer from other stockholders. *Reid* v. *DeJarnette*, 123 *Ga.* 787 (51 S. E. 770), is distinguishable.

3. Section 20 of article 7 of the banking act of 1919 (Ga. L. 1919, pp. 135, 160), providing for the assessment of stockholders of banks taken over by the superintendent of banks, applies to banks not incorporated under that act, and the method of assessment provided therein, and its enforcement by execution issued by the superintendent of banks against the stockholder, is applicable as against stockholders of the Washington Exchange Bank upon its being taken over by the superintendent of banks for the purpose of liquidation, as provided by law.

4. One in whose name the capital stock of a bank stands upon the books of the corporation is a stockholder against whom an assessment may be made and an execution issued, as provided under section 20 of article 7 of the banking act of 1919, supra. Civil Code (1910), § 2248; *Harris* y. *Taylor*, 148 *Ga.* 663 (6) (98 S. E. 86); *Pauly* v. State Loan & Trust Co., 165 U. S. 606 (17 Sup. Ct. 465, 41 L. ed. 844). A stockholder in the Washington Exchange Bank who had sold her stock prior to the failure of the bank and to its being taken over for liquidation by the superintendent of banks, but who had not had the sale and transfer of the stock entered upon the books of the bank, as provided in section 6 of the act of 1888 incorporating the bank, is liable to an assessment under section 20 of article 7 of the banking act of 1919, supra, in an amount equal to the par value of her stock, for the payment of the indebtedness of the bank existing at the time of its failure.

5. An assessment made by the superintendent of banks under section 20 of article 7 of the banking act of 1919, supra, against a stockholder of a bank taken over by him for liquidation shall be *in an amount* in his discretion not exceeding the liability of each stockholder upon his or her stock; and while a stockholder so assessed may, by an affidavit of illegality, contest his or her liability for the assessment, the stockholder can not contest the correctness of the estimate made by the superintendent of banks nor the amount of the assessment.

DECIDED OCTOBER 1, 1927.

Affidavit of illegality of execution; from Wilkes superior court —Judge Perryman. August 26, 1926.

Application for certiorari was made to the Supreme Court.

*B. W. Fortson, W. A. Slaton,* for plaintiff in error.

*Norman & Norman,* contra.

STEPHENS, J. This case arose upon an affidavit of illegality filed by Mrs. Addie C. Latimer to an execution in the sum of $2400, issued against her under the authority of the banking act

of 1919 (Ga. L. 1919, p. 135) by T. R. Bennett, superintendent of banks, to enforce an assessment in this amount against her as a stockholder of the Washington Exchange Bank. The case was tried on an agreed statement of facts before the Hon. C. J. Perryman, judge of the superior courts of the Toombs circuit, presiding in Wilkes superior court. The execution was sustained in part, a judgment in the sum of $682.80 being rendered in behalf of the plaintiff, T. R. Bennett, superintendent of banks. Each party brings a bill of exceptions excepting to the final judgment. From the able opinion rendered by the learned judge we quote and adopt the following:

"On December 14, 1925, T. R. Bennett, as State superintendent of banks, in charge of the assets of the Washington Exchange Bank, issued an execution under authority of an act of the legislature of Georgia approved August 16, 1919, against Mrs. Addie C. Latimer, to make the sum of $2400, with interest thereon at the rate of 7% per annum from November 13, 1925, which sum was assessed against her as the owner of 24 shares of stock in said bank. On January 12, 1926, the deputy sheriff of Wilkes county levied the execution upon certain real estate of the defendant. On the day of said levy the defendant filed an affidavit of illegality to the execution, and on July 21, 1926, she filed and had allowed an amendment thereto. . .

"The following evidence, from the agreed statement of facts, is material: That Mrs. Addie C. Latimer was not at any time an original subscriber to the capital stock of Washington Exchange Bank; that about 1917 Thomas C. Hogue transferred to her the 24 shares of stock which still stood in her name on the books of said bank at the time of its failure on October 7, 1925, and had stood in her name on said books since said transfer; that for several years dividends were paid on this stock and received by defendant, but no dividends were paid after 1920, except one small dividend about the year 1922 or 1923; that by an actual sale she transferred on February 12, 1924, and on August 15, 1924, nine and fifteen shares, respectively, of said stock to L. B. Williamson; that the certificates of stock contained the following language: 'which is fully paid and transferable only on the books of said bank in person or by attorney upon the surrender of this certificate;' that an excerpt from the by-laws of said bank [is] as

follows: 'The stock of this bank shall be assignable and trans-
ferable only on the books of this bank according to the terms of
the charter, and a transfer book shall be kept in which all assign-
ments and transfers of stock shall be made, and transfers shall be
suspended for fifteen days preparatory to the declaration of div-
idends, and unless an agreement to the contrary shall be expressed
in the assignment, dividends shall be paid to the stockholders in
whose name the stock shall stand at the date of the declaration
of dividends.  Certificates of stock signed by the president and
cashier may be issued to stockholders, and the certificates shall
state upon the face thereof that the stock is transferable only upon
the books of the bank, and when stock is transferred the certificates
thereof shall be returned to the bank and cancelled and new cer-
tificates issued.'  .  .

"The Washington Exchange Bank was chartered under a special
act of the legislature in 1888 (Acts of 1888, p. 73), and the only
material portion of said charter necessary to be considered in this
case is as follows: 'That all the assets of the bank shall be
liable for its debts, and each stockholder shall be individually
liable for the debts of the corporation to the extent of his or her
unpaid stock subscription, and in addition thereto each stock-
holder shall be individually liable for the debts of the bank equally
and ratably, and not one for another, in an amount equal to the
par value of the stock owned by him or her at the time the debt
was created.'

"The affidavit of illegality raises three questions for decision by
the court.  1st.  Did the general banking act of 1919 repeal the
act of the legislature incorporating the Washington Exchange
Bank and relieve stockholders from liability thereunder and with-
out making provision for liability?  2d.  Are only original sub-
scribers to the stock of the Washington Exchange Bank liable?
3d.  If the defendant is liable, what is the amount of her liability?
These questions will be considered in their order.

"First:  The relationship between creditors and depositors of
the bank is contractual.  Even if the legislature attempted to re-
peal the terms of the charter under which this relationship was
created, by a subsequent act, the latter act to that extent would
be unconstitutional and void as being violative of article 1, sec-
tion 3, paragraph 2 of the constitution of Georgia, which prohibits

the passing of any law impairing the obligation of contracts. But the banking act of 1919 does not repeal the above-quoted provision in the charter of the Washington Exchange Bank. The liability of stockholders under the banking act of 1919 (article 18, section 1, Acts of 1919, p. 189) is confined to banks incorporated under that act, and does not undertake to fix the liability of stockholders in banks previously created by special act of the legislature, or otherwise. This view is further sustained by article 9, section 1, Acts of 1919, p. 169, which provided as follows: "And any bank heretofore incorporated by special act of the General Assembly may have its special charter amended so as to incorporate therein any provision of this act, or any amendment thereto.' The charter of the Washington Exchange Bank was never amended so as to include the provision for liability of stockholders in the banking act of 1919. The court holds that the banking act of 1919 did not repeal that portion of the charter of the Washington Exchange Bank providing for the liability of stockholders.

"Second: There was no general law prior to 1893 fixing the liability of stockholders in banks, but their liability was fixed by the terms of the charter in a given case, and charters granted prior to that time, being in derogation of the common law, must be strictly construed. *Wheatley* v. *Glover,* 125 Ga. 710 (2). In determining whether the liability of a stockholder in the Washington Exchange Bank is limited to his being an original subscriber, resort must be had to the provisions of the charter. A careful reading of that portion of the charter already quoted upon the question would show that there is no such limitation. The words, 'the stock owned by him or her at the time the debt was created,' clearly indicate that liability was not confined to original subscribers, but included any who might own stock, either by purchase or otherwise, at the time the debt was created. The case of *Reid* v. *DeJarnette,* 123 Ga. 787, is cited by counsel for the defendant as controlling on this question. The section of the charter of Putnam County Banking Company, construed in that case, is as follows: 'That the assets of every kind of said bank shall be liable for any and all debts of said banking company and each stockholder in said corporation shall be individually liable for the debts of the corporation to the amount of his or her unpaid subscription to the capital stock of the corporation, and for an addi-

tional amount equal to his subscription.' It will be seen that the language of the charter in that case is quite different from that in the case at bar. This provision limited the liability of a stockholder to his subscription, and of course the Supreme Court was correct in holding that there was no liability upon an owner of stock in the bank who was not an original subscriber. 'The term "stockholder" is not synonymous with that of "subscriber;" each has a distinct, definite, technical meaning; the latter is employed to denote one who becomes bound by a subscription to the capital stock of a corporation.' *Reid* v. *DeJarnelle,* 123 *Ga.* 790. 'A stockholder in a corporation is one owning stock.' 36 Cyc. 1315.

"The court holds that the defendant is not relieved of her liability as a stockholder in the Washington Exchange Bank because she was not an original subscriber to the stock of said bank."

See *Bennett* v. *Wilkes County,* 164 *Ga.* 790 (139 S. E. 566).

Judge Perryman sustained the affidavit of illegality· in part, by rendering judgment for the plaintiff in an amount considerably less than the amount of the execution, which was for $2400. He concluded, that, notwithstanding Mrs. Latimer's name appeared on the books of the bank as the owner of the stock, she had sold her stock on August 15, 1924, and was, under section 8 of the act of 1888, liable only for the indebtedness due by the bank upon that date, which was in an amount considerably less than the indebtedness due by the bank upon the date the bank was taken over by the superintendent of banks, to wit October 7, 1925. He accordingly rendered judgment for the plaintiff in the sum of $682.80.

3, 4. In not rendering judgment for the full amount of the assessment in the sum of $2400, we think Judge Perryman erred. The assessment was made and the execution was issued under the authority of section 20 of article 7 of the banking act of 1919 (Ga. L. 1919, p. 135, 160). This section is applicable to any bank, such as the·Washington Exchange Bank, not incorporated under the authority of that act. It provides that the superintendent of banks, after taking over a bank for liquidation, shall assess a stockholder and issue an execution against him for the assessment. Section 2248 of the Civil Code (1910) provides that "the stockholder in whose name the capital stock stands upon the books of such corporation at the date of its failure shall be

primarily liable to respond upon such individual liability." This section was taken from the act of 1894 (Ga. L. 1894, p. 76), and is applicable to the Washington Exchange Bank. *Bennett* v. *Wilkes County* (supra), headnote 3. See also *Harris* v. *Taylor*, 148 *Ga.* 663 (6) (supra); Pauly *v.* State Loan & Trust Co., 165 U. S. 606 (supra). See also section 6 of the act of 1888 (supra), incorporating the Washington Exchange Bank, which provides that, as against the bank, transfers of stock, to be valid, must be made upon the books of the corporation. As Mrs. Latimer's name was upon the books of the bank as a stockholder when the bank was taken over by the superintendent of banks, she was a stockholder against whom an assessment could be made and an execution issued under the authority of section 20 of article 7 of the banking act of 1919, supra, and is liable to be assessed upon her stock in an amount equal to the par value of the stock for the payment of the indebtedness of the bank existing at the time of its failure.

5. The defendant, while denying liability in toto, contends that if she is liable in any amount, she should be given credit for the proportionate part of the appraised assets of the bank. The assessment was made and the execution was issued under the authority of section 20 of article 7 of the banking act of 1919, supra. This section provides that the superintendent of banks, after taking over a bank for liquidation under the authority of the act, shall make a careful estimate of the value of the cash assets of the bank and assess each stockholder and issue an execution against him for the assessment in an amount in the discretion of the superintendent of banks, not exceeding the liability of the stockholder upon his stock. It further provides that a stockholder so assessed may contest his liability for such assessment by an affidavit of illegality, but can not contest "the correctness of the estimate made by such superintendent or the amount of such assessment," but that the "estimate and the amount of such assessment shall be final and conclusive upon the stockholders." This section further provides that after all the indebtedness of the bank has been paid in full the stockholders paying assessments may be reimbursed out of assets remaining after the payment of the debts of the bank. The court erred in not rendering a judgment for the plaintiff in the full amount of the execution in the sum of $2400.

Although the bill of exceptions brought by T. R. Bennett, superintendent of banks, is on its face denominated a cross-bill, since it excepts to the final judgment it can be treated as a main bill.

*Judgment reversed on the bill of exceptions of Bennett, superintendent of banks; and affirmed on the bill of exceptions of Mrs. Latimer. Jenkins, P. J., and Bell, J., concur.*