# CASES

### DECIDED IN THE

## COURT OF APPEALS OF GEORGIA

#### AT THE

## OCTOBER TERM, 1927

---

18291. CANDLER *v.* MOBLEY, superintendent of banks.

Where a stockholder in a bank, individually liable under the charter, transfers his stock, but fails to have the transfer entered upon the books of the bank, and fails to give to the bank written notice thereof, as provided by the banking act, he is not exempt from liability.

DECIDED OCTOBER 4, 1927.

Affidavit of illegality of execution; from Fulton superior court —Judge Humphries. June 1, 1927.

*Candler, Thomson & Hirsch,* for plaintiff in error.

*C. N. Davie, O. A. Park, C. S. Reid,* contra.

BLOODWORTH, J. The plaintiff in error owned twenty shares of the stock of the Farmers & Traders Bank. In 1921 he sold this stock, but it still stood in his name when the bank failed in 1926. The superintendent of banks gave notice to the stockholders of the bank of an assessment which had been levied "at the rate of 100 per cent." Acts 1919, p. 189; 8 Park's Code Supp. 1922, § 2279(a). The plaintiff in error refused to pay this assessment, and an execution against him was issued October 14, 1926. An affidavit of illegality was interposed, and the issue thus raised was by agreement submitted to Judge John D. Humphries, one of the judges of the Atlanta circuit, under the following agreed statement of facts: "For the purpose of the trial of the issue made in this case, the following facts are stipulated, and it is agreed that the case shall be submitted to a judge of the superior court for a decision on the law and facts, without the interven-

tion of a jury. Asa G. Candler purchased on the 30th of October, 1900, twenty shares of stock in the Farmers & Traders Bank, and certificates were issued to him. These original certificates were still outstanding in his name on the books of said bank when it failed on the 12th day of July, 1926, never having been transferred on the books of said bank. The assessment of 100% by the superintendent of banks, amounting to $2000 on the twenty shares of stock, has been regularly made by the superintendent of banks. Said Asa G. Candler did, in the year 1921, sell said twenty shares of stock endorsed in blank to Paul J. Baker, who was at that time the vice president of the Farmers & Traders Bank, said trade being made through W. W. Wisdom, a stock broker; and the said banker paid Candler, through said Wisdom, $2000, being the par value of said stock at that time. Said Baker up to the time of the failure of the bank had, however, not had said stock transferred on the books of the bank. Said Candler did not at any time address to the Farmers & Traders Bank any formal written notice that he had sold the stock." After hearing argument the court entered judgment against the affidavit of illegality, and directed that the levy proceed. The defendant then filed a bill of exceptions.

Under the agreed statement of facts the issue raised in this case is settled by sections 3 and 4 of article 18 of the banking act of 1919 (Ga. L. 1919, p. 190; Park's Code Supp. 1922, § 2279(c)), which are as follows: "Sec. 3. Whenever a stockholder in any bank is individually liable under the charter, and shall transfer his stock, and have such transfer entered upon the books of the bank or give to the bank written notice thereof, he shall be exempt from such liability by such transfer, unless such bank shall fail within six (6) months from the date of the entry of such transfer, or from the delivery of such notice to the bank. Sec. 4. The stockholder in whose name the capital stock stands upon the books of such bank at the date of its failure, shall be primarily liable to respond upon such individual liability; but upon proof made that any stockholder at the date of the failure is insolvent, recourse may be had against the person from whom such insolvent stockholder received his stock, if within a period of six (6) months prior to the date of the failure of such bank." The following portion of the brief of the defendant in error is so

thoroughly in accord with the views of this court that it is adopted as a part of this opinion: "This section [sec. 3 just quoted] was intended to supersede, so far as banks are concerned, the first section of the act of 1894 (sec. 2247 of the Code). The other sections of the act of 1894 were, with some minor changes, re-enacted in the banking act. Section 2248 of the Code appears as sec. 4 of article XVIII (sec. 2279(d) Park's Code Supp. 1922); section 2249 as section 7 of article XVIII (sec. 2279(g) Park's Code Supp. 1922), and section 2250 as section 45 of article XIX (section 2280(ss) Park's Code Supp. 1922). Plaintiff argues that these sections can not apply because the Farmers & Traders Bank was incorporated before the passage of the banking act. It is argued that to apply these sections would change the substantive law creating the liability and impair the obligation of the contract. This argument has been completely answered by the Supreme Court. Referring to the several acts which required that notice should be given upon the transfer of stock in order to relieve the transferor of his individual liability, it was held: 'The act of 1838 (Code of 1882, § 1496) did not have the effect to impose upon the stockholders in a bank or other corporation a liability beyond the amount of the stock owned, but merely provided a method by which a stockholder who had transferred his stock might relieve himself of an existing individual liability imposed by the charter of the corporation. Neither was such a liability imposed by the act of 1892 (Acts 1892, p. 55), nor by the act of 1894 (Civil Code, § 1888). These acts simply provided a different manner of discharge from liability from that prescribed in the act of 1838.' *Wheatley* v. *Glover,* 125 *Ga.* 710 (1 and 2) [54 S. E. 626]. In this case it was also held, referring to that section of the act of 1894 which made the individual liability an asset of the corporation subject to be enforced by the assignee or receiver, that 'The act referred to in the preceding note is remedial in its nature, does not affect any vested right of the creditor, and is applicable in a case where the liability arose prior to the enactment of the statute.' *Wheatley* v. *Glover,* 125 *Ga.* 711 (14) [supra]. See also *Moore* v. *Ripley,* 106 *Ga.* 556 [32 S. E. 647]; *Lamar* v. *Taylor,* 141 *Ga.* 227, 234 [80 S. E. 1085]. As was well said by the Supreme Court of Kansas as to an act which required notice of transfer to be

given in a particular manner: 'The enactment merely imposed an additional duty to see that a similar notation was made upon a public record. The change imposed no restraint upon the transfer of the stock, but related only to the means by which it should be accomplished and the manner in which it might be evidenced. It is essentially a matter of method of procedure, rather than of ultimate substantial rights.' Henley v. Myers [76 Kan. 723], 93 Pac. 168, 173 [17 L. R. A. (N. S.) 779]. 'Whether the State may impose added conditions or duties on individuals with regard to their contracts depends on the nature of such requirements. If the additional conditions or duties imposed amount to a change in the obligations, or in the substantial rights of a party, the statute is void; but an obligation can not be said to be impaired by a statute which merely imposes an additional duty on the owner in order that he may preserve it. A statute, therefore, which requires that within a reasonable time after its passage existing contracts shall be filed or recorded or otherwise notified to the public in order to preserve all the rights of the parties is not unconstitutional; nor is a statute void which, while reducing the time allowed, still allows a reasonable time within which to give a notice as a condition precedent to the enforcement of contract rights.' 12 C. J. 1058. Section 3 of article XVIII (sec. 2279(c) Park's Code Supp. 1922) did not increase or change in any way Mr. Candler's liability as a stockholder. It did not impose any restriction or restraint on his right to sell and transfer his stock. Under the act of 1894 (sec. 2248 of the Code), unless the transfer was entered on the books of the corporation, he was primarily liable to respond upon the failure of the bank. Section 3 provided a method by which he could relieve himself of this liability. The section was in his interest, and was in no sense a limitation upon his rights. It is argued that the section must be given prospective rather than retrospective operation. That the banking act was intended to apply to banks in existence at the time of its passage is manifest. The slightest consideration of its provisions shows this to be the case. It created the Department of Banking charged with the duty of enforcing all laws then in force, as well as all laws which should thereafter be passed. It placed all banks under the supervision of this department. At the time it went into effect it could operate only on pre-existing

banks. There is no more reason why section 3 of article XVIII (sec. 2279(c) Park's Code Supp. 1922) should be held to apply only to banks created under the passage of the act than that any of the other numerous provisions should be held so to apply. If this section applies to this transfer, it is conceded that Mr. Candler is liable, for he did not have the transfer entered on the books of the bank, nor did he give the bank written notice of the transfer. The stock stood in his name on the books of the bank at the date of the failure, and under section 2248, as well as under section 4 of article XVIII (sec. 2279(d) Park's Code Supp. 1922) of the banking act, he is primarily liable." See *Harris* v. *Taylor,* 148 *Ga.* 664 (6), 669 (98 S. E. 86); *Freeman* v. *Jackson,* 146 *Ga.* 55 (90 S. E, 467); Welles *v.* Larrabee, 36 Fed. 866, 868; Hubbell *v.* Houghton, 86 Fed. 547, 548; Johnson *v.* Loflin, 103 U. S. 800 (26 L. ed. 532); 1 Michie on Banks, 110, 170; 7 R. C. L. 403, § 390.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*