18631.    BROWN *v.* BELL.

1. On the trial of a suit on a note of which the defendant was the payee and the indorser, it was not error to exclude from evidence his answer to his counsel's question whether or not the note was sold and transferred to the plaintiff without recourse.
2. The surety's request to the creditor to collect the debt of the principal debtor must be in writing in conformity to the Civil Code (1910), § 3546.
3. It was not error to confine the issue for the jury to that of indorsement without recourse.
4. The evidence authorized the verdict.

DECIDED MARCH 7, 1928.

Complaint; from city court of Bainbridge—Judge Spooner. November 8, 1927.

*A. B. Conger,* for plaintiff in error.

*J. C. Hale, H. G. Bell,* contra.

BROYLES, C. J. 1. This was a suit upon a promissory note and was brought against the payee, who was also the indorser. On the trial the defendant was asked by his counsel "whether or not the note sued upon was sold and transferred to the plaintiff without recourse." The answer to the question was excluded by

Appeal and Error, 4 C. J. p. 905, n. 41.
Principal and Surety, 32 Cyc. p. 103, n. 49.
Trial, 38 Cyc. p. 1612, n. 13.
Witnesses, 40 Cyc. p. 2435, n. 80.

the court, on the ground (the objection being made by the plaintiff) that it would be a conclusion of the witness. The answer was properly excluded. The bald statement that "the note was sold to the plaintiff without recourse" was clearly a mere conclusion of the witness. Of course the defendant could have testified as to what occurred between him and the plaintiff when the note was sold, and as to any conversation about the indorsement, or as to any agreement between them as to the indorsement being without recourse.

2. "Verbal requests, however urgent and frequent, by a surety to the creditor, to take action to collect the debt from the principal debtor, will not relieve the surety. To avail the surety, the request or notice to the creditor to collect the debt out of the principal debtor must be in writing and in conformity to the statute on that subject. Civil Code [of 1895], § 2974; *Souter* v. *Bank*, 94 *Ga*. 713 (20 S..E. 111)." *Jordan* v. *Farmers & Merchants Bank*, 5 *Ga. App.* 244 (2) (62 S. E. 1024). Under this ruling the evidence set forth in the second special ground of the motion for a new trial was properly excluded.

3. Under the pleadings and the evidence the court did not err in submitting to the jury the single issue as to whether the defendant had indorsed the note without recourse on him. The other contention of the defendant as made in his plea and as supported by the evidence was insufficient to present any defense to the suit. See ruling in immediately preceding paragraph.

4. The evidence, although conflicting on the issue submitted to the jury, authorized the verdict, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*