# CHARLESTON.

EMMA BRENNAN *v.* CHARLES SCHAD

(No. 6207)

Submitted November 13, 1928. Decided November 20, 1928.

*Wm. B. Casey* and *Frank W. Nesbitt,* for plaintiff in error.

*Handlan, Garden & Matthews* and *O'Brien & O'Brien,* for defendant in error.

MAXWELL, JUDGE:

This case involves a writ of error to a judgment of the circuit court of Ohio county based on a verdict in favor of the plaintiff and against the defendant for the sum of $5,028.75.

On the 6th day of June, 1925, the Benwood Bank issued a cashier's check in the sum of $4,500.00 on the Citizens' Mutual Trust Company of Wheeling payable to Graner Realty Company. This check represented a part of the consideration being paid by the plaintiff in the purchase of certain resi-

dential property in the city of Wheeling. She had recently sold other property and had deposited $4,600.00 in the Benwood Bank.

The trust company refused to pay the check on the ground of insufficient funds of the Benwood Bank on deposit with it to meet the check. On being informed of this fact the plaintiff, her brother-in-law, T. W. Landers, and Carl J. Fischer, representative of Graner Realty Company, went to the Benwood Bank to look after the matter, and not being able to get any satisfaction there, they called into the conference the defendant, a prominent citizen and substantial merchant whose place of business was just across the street from the bank. The plaintiff had dealt at defendant's store, and they had been acquainted for many years. She and her companions thought he was a director in the bank. The fact proved to be that he was a stockholder and depositor, but not at that time a director, though he had been formerly. Mrs. Brennan was in much distress because of the seeming precarious condition of the bank, her inability to use the cashier's check or to withdraw her deposit, and, in consequence whereof, her incapacity to make a payment then required to be made on her pending real estate purchase in Wheeling. After some discussion the defendant said in effect that he did not know anything else to do than for him to draw his own check payable to the plaintiff in the sum of $4,500.00. This was readily assented to by the plaintiff. Fischer then procured the cashier's check which had been refused payment and returned to the Benwood Bank with it. The defendant first drew a check on the Benwood Bank. This was not accepted. Thereupon he drew a check on the South Side Bank of Wheeling in the sum aforesaid payable to Graner Realty Company. The cashier's check above mentioned was left at defendant's place of business though he testifies he had stated to Fischer that he did not want it. And he further says he did not know it had been left at his store until after Fischer and the other parties had departed. This was on the eighth day of June. That same evening defendant went to the home of plaintiff and requested and obtained her check in the sum aforesaid, drawn on the Benwood Bank, payable to defendant. The

next morning, after having learned that the affairs of the Benwood Bank were probably in worse plight than he had anticipated, defendant stopped payment on the check which he had drawn on the South Side Bank. At a later date defendant returned to plaintiff the check which she had given to him as above narrated, but he failed to obtain the check which he had drawn on the South Side Bank though he requested its return. As to the cashier's check defendant testified that a few days after the Benwood Bank failed he mailed it to the Graner Realty Company; that it was returned to him; that he then placed it in the hands of Mr. Casey, his attorney, who turned it over to the realty company; but that company again returned it to defendant. He says he considered it worthless.

This suit is based on the check for $4,500.00 drawn by defendant on the South Side Bank of Wheeling.

In addition to the general verdict two special interrogatories were answered by the jury as follows:

> "FIRST: Was there a mutual understanding or agreement between the plaintiff and defendant that defendant was to accept the cashier's check of the Bank of Benwood drawn on the Citizens' Mutual Trust Company in payment of or in exchange for defendant's check in the sum of Forty-Five Hundred ($4,500.00) Dollars drawn on the South Side Bank and Trust Company of Wheeling?
>
> The above interrogatory was answered: 'Yes.'
>
> SECOND: Did the defendant give his check in the sum of Forty-Five Hundred ($4,500.00) Dollars to the Graner Realty Company as an accommodation or loan for the sole purpose of assisting Mrs. Brennan in the purchase of the real estate in evidence and without any valuable consideration?
>
> The second interrogatory was answered: 'No.' "

One of the main points of error is that there is not sufficient evidence to support the jury's affirmative answer to interrogatory number one. Though the defendant denies that he accepted the cashier's check in exchange, both the plaintiff

and Fischer testify unequivocally that this check was turned over to defendant in exchange for his check. The jury was warranted in resolving the finding ¿on this matter in favor of the plaintiff and of answering interrogatory number one in the affirmative.

. Now, let us examine the jury's second finding, to-wit, that defendant's check for $4,500.00 payable to Graner Realty Company was not given by him as an accommodation or loan for the sole purpose of assisting plaintiff in the purchase of the real estate in evidence and without valuable consideration. It is true the defendant was befriending the plaintiff. He acted through altruistic motives. He was desirous of assisting a woman in distress. Incidentally he was very properly interested in preserving the integrity of the Benwood Bank and of staving off the drastic action which plaintiff and her two male companions threatened if her matter was not promptly taken care of in some manner. This is entirely consistent with plaintiff's contention that there was an exchange of checks. It might also be consistent with defendant's theory that. he was merely making an accommodation loan to the plaintiff but for one outstanding fact, namely, defendant's stopping. payment of the South Side Bank check early next morning as soon as that bank had declined to receive for credit a check drawn by him in like amount on the Benwood Bank. If he had been endeavoring only to assist the plaintiff through a loan and not through an exchange of checks, it scarcely seems that his laudable undertaking in that particular would have come to such sudden termination. In our opinion the jury was warranted in its second special finding as well as the first.

The point is made that by reason of the defendant's stopping payment of his check he was relieved from obligation to pay the plaintiff the amount thereof. This would probably be true if the transaction were a mere accommodation as defined by the law. 3 R. C. L., 1120; *Grenville* v. *Ormand,* 51 S. C. 663, 64 A. S. R. 663. But this privilege of an obligor does not obtain where the instrument involved is based on valuable consideration.

Another point of error is the court's admission of the testi-

mony of Honorable Wright Hugus, counsel for the receiver of the Benwood Bank. Basing his answer on his intimate knowledge of the assets and liabilities of the bank he stated that the cashier's check was worth about fourteen per centum of its face value. If so, it was not worthless as argued by the defendant! and to the extent of its actual worth it was valuable consideration for the issuance by defendant of the check in suit. For this purpose the admission of this testimony was not erroneous. Consideration, generally speaking, need not be full and adequate, there being no fraud. Ordinarily, consideration valuable though inadequate will suffice. *McCary* v. *Traction Co.*, 97 W. Va. 306. Valuable consideration is embodied in an exchange of checks. 8 C. J. 227. And then, too, where there is a mutual exchange of commercial paper even if the paper on one side proves to be worthless, a defense on that ground will be unavailing. 1 Daniel Negotiable Instruments, sec. 187. ''In an exchange of checks each check is a consideration for the other; each is an independent obligation and not conditional on the payment of the other.'' Brannan's Neg. Inst. Law, (4th ed.) p. 228.

The questions of law involved were carefully and correctly presented to the jury in the instructions. There is no complaint made of them. We find no prejudicial error of law in the record. It was the jury's province to determine the facts, and we cannot say that its findings were not warranted by the evidence. We therefore affirm the judgment.

*Affirmed.*