19114.  LONGINO *v.* BENNETT, superintendent of banks.

DECIDED JANUARY 15, 1929.

*Troutman & Troutman,* for plaintiff in error.
*C. N. Davie, J. F. Kemp, O. A. Park,* contra.

LUKE, J.  T. R. Bennett, as State superintendent of banks, issued an execution for $500 against J. H. Longino as the owner of stock in the defunct Farmers & Traders Bank.  When the execution was levied on certain realty as the property of Longino he set up by affidavit of illegality the following defense:  "Deponent was not on October 14, 1926, or at the time of the failure of said Farmers & Merchants Bank of Atlanta, or at any time during the period of more than one year prior to the failure of said bank, a stockholder of said bank.  This fact was known to said bank, whose knowledge was acquired by J. R. Smith, vice-president of said bank, and, on information and belief, the change was recognized by said bank.  For more than two years prior to the failure of said bank, deponent received no notice of any stockholders' meet-

ings of said bank, nor was he otherwise recognized by said bank as a stockholder therein." Since counsel insist only on the foregoing contention, the other grounds of illegality ,are not for the consideration of this court.

On the submission of the case to the judge upon an agreed statement of facts, the court adjudged that the levy proceed, and Longino excepted to the judgment.

The agreed statement of facts is substantially as follows: In 1920 J. H. Longino owned five shares of stock of the par value of $100 each in the Farmers & Traders Bank, a banking corporation organized in 1900 under the laws of Georgia. L. T. Carter was cashier and a director of the bank in 1923, and held these positions until April 1, 1925. In the spring of 1923, Longino told Carter that he desired to sell the said stock, and asked him if he knew of a prospective purchaser. Carter told Longino that he might try J. R. Smith, who was vice-president and director of said bank. Longino saw Smith and sold him the said five shares of stock at $125 per share, "and in writing, according to the form printed thereon, transferred to said J. R. Smith the certificate evidencing the shares. Said form of transfer signed by Longino gave a power of attorney in blank to make the transfer on the books of the bank. Payment was made by Smith by a check, payable to Longino and drawn on said Farmers & Traders Bank. Said Carter saw the check when it was presented to said bank for payment; and shortly thereafter, said Carter was informed by Paul J. Baker, who was then a vice-president and director of said Farmers & Traders Bank, that J. R. Smith had purchased the five shares of stock from Longino. Carter, from these facts, knew and understood that Longino had sold said shares of stock to Smith. Said J. R. Smith was one of the organizers of said bank. He was a director of said bank from the date of its organization until his death in 1926. He was vice-president thereof continuously during the years 1922, 1923, 1924, 1925 and 1926. The certificate was never transferred on the books of the bank. Longino's name appeared on the books of the bank as a stockholder, owning five shares, from 1920 until the date of the closing of the bank. He never received any notices of any stockholders' meeting of the bank during said period. The by-laws of the bank provide that the annual meeting should be held on the first Tuesday in September of

each year. But they were never held on that date. For the first few years of its existence the bank held its annual stockholders' meetings in November or December. But in the last ten or twelve years before it closed, these meetings were held in June and July of each year. When he sold the said stock to Smith, Longino thought said bank was solvent, and so did Carter and Smith. None of said officers had any knowledge or notice of any impairment of the capital of said bank. The sale was bona fide and for value. J. R. Smith died in 1926, after said bank had closed. His estate is insolvent. Longino gave no notice, written or verbal, except as above stated, to the bank that he had transferred his stock to J. R. Smith, nor did he make any request that the stock be transferred." The bank closed its doors on July 13, 1926, and the superintendent of banks took charge of its assets. Notice of assessment was regularly issued to all stockholders, including Longino. The execution was issued against Longino on October 14, 1926.

Counsel for the plaintiff in error concisely state the question at issue, in this language: "So the simple question is whether or not Longino gave to the bank written notice of the transfer. And reduced further, the question is whether the check of Smith given in payment for the purchase-price of the stock was, under the circumstances, a sufficient notice to accomplish the exemption provided in the statute."

We quote sections 3 and 4 of article 18 of the banking act of 1919 (Ga. L. 1919, p. 190; Park's Code Supp. 1922, § 2279 (c): "Sec. 3. Whenever a stockholder in any bank is individually liable under the charter, and shall transfer his stock, and have such transfer entered upon the books of the bank or give to the bank written notice thereof, he shall be exempt from such liability by such transfer, unless such bank shall fail within six months from the date of the entry of such transfer, or from the delivery of such notice to the bank. Sec. 4. The stockholder in whose name the capital stock stands upon the books of such bank at the date of its failure, shall be primarily liable to respond upon such individual liability; but upon proof made that any stockholder at the date of the failure is insolvent, recourse may be had against the person from whom such insolvent stockholder received his stock, if within a period of six months prior to the date of the failure of such bank."

We quote briefly from the agreed statement of facts: "The certificate was never transferred on the books of the bank. Longino's name appeared on the books of the bank as a stockholder owning five shares, from 1920 until the date of the closing of the bank. . . Longino gave no . notice, written or verbal, except as above stated, to the bank that he had transferred his stock to J. R. Smith, nor did he make any request that the stock be transferred."

Clearly Longino is without the law unless the peculiar facts of the case bring him within it. Do they? We think not. The legislators provided just two ways by which a stockholder transferring his stock can relieve himself from liability: (1) by having the transfer entered on the books of the bank, and (2) by giving written notice of the transfer. Longino did not have the transfer of his stock entered on the books of the bank. Indeed, he did not even try to do so. The check was not of itself written notice to the bank of the transfer of the stock; and granting that the check was given and cashed under the circumstances shown by the agreed statement of facts,᾿ and that certain bank officials knew that the stock had been sold to Smith, still the requirement of the statute as to notice was not met. In 20 R. C. L., p. 343, sec. 4, this general rule as to notice is stated: "Where a specified mode of giving notice is prescribed by statute that method is exclusive." This rule has been followed in this State. "Verbal requests, however urgent and frequent, by a surety to a creditor, to take action to collect the debt from the principal debtor, will not relieve the surety. To avail the surety, the request or notice to the creditor to collect the debt out of the principal debtor must be in writing and in conformity to the statute on that subject." *Brown* v. *Bell,* 37 *Ga. App.* 818 (2), 819 (142 S. E. 201), and cases cited. In short, the question here is not whether the bank had notice of the transfer, but whether Longino exempted himself from liability by complying with the statute. In *Candler* v. *Mobley,* 37 *Ga. App.* 259 (139 S. E. 732), this court applied the rule of strict construction to the very statute we are considering, as follows: "Where a stockholder in a bank, individually liable under the charter, transfers his stock, but fails to have the transfer entered upon the books of the bank, and fails to give to the bank written notice thereof, as provided by the banking act, he is not exempt from liability."

Granting that the case quoted differs from the case at bar in that

in the former the official of the bank was acting in his private capacity in dealing with Candler, who sold him the bank stock, and that Baker's knowledge was not attributable to the bank *(Peoples Bank v. Exchange Bank,* 116 *Ga.* 820 (3), 43 S. E. 269), while, in the case at bar two other officials of the bank besides the purchaser of the stock knew of the sale, yet the statute provides for no such notice, and such notice does not satisfy its plain requirements. The rule stated in the *Candler* case, supra, applies to this case, and that statement of the rule is made the headnote of this opinion.

The court did not err in finding against the affidavit of illegality and ordering that the levy proceed.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*