19405. WILKINS *v.* AMERICAN SECURITIES COMPANY.

JENKINS, P. J. 1. An execution issued under the act of 1919 (Ga. Laws, 1919, p. 135 et seq.), against a stockholder of a defunct bank in the hands of the superintendent of banks for liquidation, in pursuance of an assessment by the superintendent, is not illegal or void because signed, "T. R. Bennett, Superintendent of Banks, by J. E. Cagle, Assistant Superintendent of Banks. Superintendent of Banks of the State of Georgia." *McCaskill* v. *Chattahoochee Fertilizer Co.,* 167 *Ga.* 802 (146 S. E. 830); *Deariso* v. *Mobley,* 38 *Ga. App.* 314 (143 S. E. 915); *Mobley* v. *Goodwyn,* 39 *Ga. App.* 64 (146 S. E. 28).

2. A ground of an affidavit of illegality which merely alleges that an execution was issued and is proceeding in violation of article 1, section 1, paragraph 3, of the constitution of the State of Georgia, and in violation of article 14, section 1, of the constitution of the United States, and that article .7, section 20, of the act of 1919, known as the banking act (Ga. Laws 1919, p. 135 et seq.), is unconstitutional as violating the due process clauses of the State and Federal constitutions, presents no constitutional question for determination, since such ground of illegality states a mere conclusion of the pleader, in that it fails to show wherein such act is unconstitutional. *Crapp* v. *State,* 148 *Ga.* 150 (95 S. E. 993). See, in this connection, *Bennett* v. *Wheatley,* 154 *Ga.* 591 (3) (115 S. E. 83).

3. Section 2270 of the Civil Code of 1910 was not repealed by the act of August 16, 1919, creating the department of banking of this State. *Toombs* v. *Citizens Bank of Waynesboro*, 169 *Ga.* 115 (145 S. E. 645); *Latimer* v. *Bennett*, 167 *Ga.* 811 (146 S. E. 762). Accordingly, the liability of a stockholder of a bank chartered under the provisions of the act of 1893, codified as section 2262 et seq. of the Civil Code of 1910, was not impaired by the provisions of article 18, section 1, of the banking act of 1919, which fixed the liability of stockholders of banks incorporated under that act. And such liability is enforceable by assessment by the superintendent of banks under the provisions of section 20 of article 7 of the banking act of 1919. *Latimer* v. *Bennett*, 37 *Ga. App.* 246 (3) (139 S. E. 570).

4. While it is provided by section 7 of article 18 of the banking act of 1919 (p. 190), that "the individual liability of stockholders . . shall be assets of such bank, to be enforced only by and through the superintendent of banks," and while it has been held that the superintendent of banks is without authority, under the provisions of section 7 of article 7 of the banking act of 1919, with or without an order of court, to transfer and assign the *liability* of the stockholders under the provisions of article 18, of section 1 of that act, and the assessments levied by the superintendent to enforce such liability, since such a transfer to be effective would involve a delegation by the superintendent of his authority to enforce such liability (*Mobley* v. *Marlin*, 166 *Ga.* 820, 144 S. E. 747), it does not follow that an execution issued by the superintendent to enforce such liability is not assignable, or that a purchaser of such execution can not proceed thereon as transferee. The levying of the assessment and the issuance of an execution thereunder amount to final process (In re Giles, 21 Fed. (2d ed.) 536, 537), leaving nothing to be done "by and through the superintendent of banks" toward enforcing the liability of the stockholder. Moreover, it would seem that a reasonable construction of the quoted provision of section 7 of article 18 of the banking act would be that the General Assembly intended thereby to preclude the necessity of a suit against a stockholder on behalf of the depositors for whose benefit the stockholder's liability was imposed, and to provide a remedy for enforcing that liability "by and through the superintendent of banks," and not that the superintendent should be precluded from converting such an asset of the bank into cash by transferring the execution to one purchasing the assets with the consent and approval of the court. See *McCaskill* v. *Chattahoochee Fertilizer Co.*, supra; *Cosmopolitan Ins. Co.* v. *Sheals*, 20 *Ga. App.* 622 (4), 627 (93 S. E. 507).

5. Under the foregoing rulings, the court did not err in overruling the affidavit of illegality interposed in the instant case to the execution against the stockholder of the bank, and proceeding in the name of a transferee, under an order of court, of the superintendent of banks.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 30, 1929.

*J. C. Pratt,* for plaintiff in error.    *O. J. Tolnas,* contra.