20295. NANTS *v.* MARTIN *et al.*

DECIDED MAY 14, 1930.

W. E. *Mann*, W. G. *Mann*, for plaintiff in error.
J. A. *McFarland*, contra.

BLOODWORTH, J. R. A. Nants brought suit against the North Georgia Banking Company, alleging that the company is a partner-

ship composed of J. A. Martin et al., and that the defendant is indebted to the plaintiff in the sum of $910.75, because of certain deposits made in said company. The defendants in their answer denied the allegations of the petition, and alleged that the plaintiff was a member of the partnership composing the banking company, and equally bound with the other partners for the indebtedness of the company, and not entitled to recover anything from the defendants. They filed also a plea of set-off which was withdrawn. After the introduction of the plaintiff's evidence a nonsuit was granted, and the plaintiff excepted.

Conceding that the plaintiff made out a case on direct examination, he disproved it on cross-examination, and "if he actually proves every fact charged, but on cross-examination or otherwise, disproves his case by establishing beyond doubt the existence of other defensive facts which make it manifest that he ought not on the whole evidence to recover, then the Civil Code, § 5347 (5942) declares that 'a nonsuit will be granted.'" *Evans* v. *Josephine Mills,* 119 *Ga.* 450, 451 (46 S. E. 674). On cross-examination the plaintiff testified: "I have not had anything to do with the bank . . for a long time before it closed. . . When I got ready to pull out of the partnership I did not tell . . anybody else except my brother; did not tell any of them. . . I did not notify any of the defendants, or any of the partners, except my brother, that I was pulling out of this bank; I did not notify any of them." The plaintiff had no right to bring suit against his copartners for an indebtedness connected with the partnership. *Paulk* v. *Creech,* 8 *Ga. App.* 738 (5) (70 S. E. 145) ; *Smith* v. *Carter,* 20 *Ga. App.* 391 (93 S. E. 44). He was still a copartner in the business and liable for its debts, because when he sold out to his brother he gave the other partners no notice, nor did he give creditors and depositors any notice of his leaving the company. "The strictest good faith is required among partners." Civil Code (1910), § 3171. See also Civil Code (1910), §§ 3169, 3170, 3179. Plaintiff had no right to sell his interest to his brother without notice to the other partners. Civil Code (1910), § 3173. He should have given notice of his retiring from the company to the other partners. Civil Code (1910), § 3163. Having given no notice to his copartners, he could not legally sue them for a partnership debt. As shown by the petition, the banking company in the instant case

was not a chartered bank, but a partnership doing a banking business. The principle involved is illustrated by the case of *Candler v. Mobley,* 37 *Ga. App.* 259 (139 S. E. 732), where Candler was held liable because when he sold his stock in a bank he failed to have the transfer entered on the books, and failed to give the bank notice thereof.

The court properly granted a nonsuit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*