## 21384. BANK OF TOCCOA *v.* BOND.

JENKINS, P. J. This was a suit to enforce a voluntary assessment made by the stockholders of a bank, at the direction of the superintendent of banks, to make good an impairment of its capital. From the evidence it appears, without dispute, that the defendant had sold his stock in the plaintiff bank some months before the voluntary assessment was made, and the written notice of the sale and transfer of stock had been given by him to the bank before the assessment was made and before the superintendent of banks had ordered such assessment, although the stock was never transferred upon the books of the corporation. The judge directed a verdict in favor of the defendant, and the plaintiff excepted. *Held:*

1. While, under the provisions of section 4 of article 18 of the banking act (Ga. L. 1919, pp. 135, 190; Michie's Code, 1926, § 2366 (141)), the liability of a stockholder in a bank who transfers his stock is continued for six months after the entry of such transfer upon the books of the bank, or after notice in writing to the bank of such sale and transfer, in the event the bank should *fail* within such period of six months (*Latimer* v. *Bennett*, 37 *Ga. App.* 246 (4), 139 S. E. 570; *Longino* v. *Bennett*, 39 *Ga. App.* 89, 146 S. E. 324), the law governing the sale and transfer of shares of stock in a bank is not otherwise different from that governing the sale and transfer of stock in any other corporation, and it is the general rule that "except as against the claims of the corporation, a transfer of stock does not require a transfer on the books of the company." Civil Code (1910), § 2219. Accordingly, the liability imposed by sections 2247 and 2248 of the Civil Code upon stockholders individually liable under the charter of any corporation, and, by the provisions of the banking act cited, upon stockholders in banks chartered under the provisions of that act or the act of 1894 embodied in the code-sections last cited, in the event of the *failure* of the corporation, does not attach in favor of the corporation and as against a stockholder who has sold and transferred stock upon which the corporation had no claim at the time, so as to render such stockholder liable for an assessment made after such sale and transfer, and after notice thereof to the corporation, to make good an impairment of the capital stock. The rule stated in the *Latimer* and *Longino* cases, supra, is not in conflict with the ruling here made, since in those cases the suits were brought to

enforce the liability of stockholders who had transferred stock in banks which had failed, without having such transfers entered on the books of the banks, or giving notice thereof.

2. In the instant case, while there is some testimony indicating that a previous assessment levied upon the stock bought and sold by the defendant was unpaid at the time of its sale by him, and at the time of notice of such sale to the bank, the suit is not to enforce liability under any such previous assessment, but is to recover on account of an assessment ordered by the superintendent of banks and made by the stockholders after the defendant had sold his stock and after he had given notice of such sale to the bank. There is no evidence going to indicate that the person to whom the defendant sold his stock was insolvent or unable to respond to the assessment.

3. Under the foregoing ruling, the court properly directed a verdict for the defendant. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 19, 1931.

*George L. Goode, B. P. Gaillard Jr.,* for plaintiff.
*J. B. Jones, Bond & McClure,* for defendant.

