21873.    PIGNATEL *v.* MOBLEY, superintendent of banks.

DECIDED JANUARY 12, 1932.

558

*Clement E. Sutton,* for plaintiff in error. *Earle Norman,* contra.

BROYLES, C. J. (After stating the foregoing facts.) 1, 2. Under the facts of the case and the law pertinent thereto it clearly appears that the defendant was the real owner of the stock at the date of the bank's failure, and the owner may be sued by the superintendent of banks although the shares of the stock "stand on the books of the bank in the name of another who in fact has no interest therein." *Harris* v. *Taylor,* 148 *Ga.* 663 (6) (98 S. E. 86) ; *Doster* v. *Mobley,* 38 *Ga. App.* 508 (2) (144 S. E. 385). "The method of collecting an assessment against a stockholder of an insolvent banking corporation by a summary execution issued by the superintendent of banks against the stockholder, as provided in section 20, article 7 of the banking act of this State, approved August 16, 1919, and amended August 26, 1925

(Ga. L. 1919, pp. 154-160; Ga. L. 1925, p. 125, sec. 9), is not exclusive, but is cumulative only. An assessment so made may be collected by a common-law suit instituted by the superintendent of banks." *Doster* v. *Mobley,* supra, paragraph 4. Under the foregoing rulings and the facts of the instant case, the court did not err in overruling the demurrer to the declaration in attachment, or in striking, on demurrer, the defendant's plea in abatement.

3. The evidence amply authorized a finding that the defendant, even if she had sold her stock, failed to have the transfer entered upon the books of the bank and failed to give the bank written notice thereof, as provided by the banking act, and accordingly she was not exempt from liability. *Candler* v. *Mobley,* 37 *Ga. App.* 259 (139 S. E. 732); *Longino* v. *Bennett,* 39 *Ga. App.* 89 (146 S. E. 324). See also *Freeman* v. *Jackson,* 146 *Ga.* 55 (90 S. E. 467); *Cozart* v. *Mobley,* 43 *Ga. App.* 630 (159 S. E. 749). The verdict in favor of the plaintiff was amply authorized, if not demanded, by the evidence, and the special grounds of the motion for a new trial show no cause for a reversal of the judgment.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*