25593. ROBERTSON *v.* CARROLL FURNITURE COMPANY.

SUTTON, J. 1. Where on the trial no evidence is introduced save that in behalf of the plaintiff, and such evidence makes a prima facie case, but on cross-examination the plaintiff disproves her case by establishing beyond doubt the existence of other defensive facts which make it manifest on the whole evidence that she ought not to recover, then, under the Code, § 110-310, "a nonsuit will be granted." *Evans* v. *Josephine Mills,* 119 *Ga.* 448, 450 (46 S. E. 674); *Evans* v. *Schofield,* 120 *Ga.* 961 (48 S. E. 358); *Nants* v. *Martin,* 41 *Ga. App.* 453 (153 S. E. 440); *Flippin* v. *Central of Georgia Ry. Co.,* 35 *Ga. App.* 243, 244 (132 S. E. 918); *Woods* v. *Mercantile Bank & Trust Co.,* 32 *Ga. App.* 106 (122 S. E. 819); *Walker* v. *Georgia Railway & Electric Co.,* 122 *Ga.* 368 (50 S.

E. 121). In such a case it is error to direct a verdict for the defendant on which final judgment can be entered; but the court should award a nonsuit, thereby preserving to the plaintiff the right to institute "a subsequent action for the same cause," if she so desires. Code, § 110-310; *Exposition Cotton Mills* v. *W. & A. R. Co.*, 83 *Ga.* 441 (10 S. E. 113); *Hines* v. *McLellan*, 117 *Ga.* 845 (45 S. E. 279); *Jones* v. *American Mutual Liability Ins. Co.*, 48 *Ga. App.* 351, 352 (172 S. E. 600).

2. The plaintiff was suing for $89 paid on the purchase-price of certain furniture which had been repossessed by the vendor. She made out a prima facie case, but on cross-examination she admitted that the rental value of the property while in her possession was more than $7.50 per month. She had some of the property 14 months, some 18, and some 20 months. According to her own testimony or admission, the rental value of the property for the time she was in possession of it was more than the amount paid on the purchase-price for which she was suing; and under her testimony as a whole, she was not entitled to recover. A party testifying in his own behalf is not entitled to a finding in his favor if that version of his testimony which is most unfavorable to him shows that he is not entitled to recover. *Southern Ry. Co.* v. *Hobbs*, 121 *Ga.* 428 (49 S. E. 294); *Southern Bank of the State of Ga.* v. *Goette*, 108 *Ga.* 796 (2) (33 S. E. 974); *Steele* v. *Central of Ga. Ry. Co.*, 123 *Ga.* 237 (51 S. E. 438). The present case is distinguishable from *Central of Ga. Ry. Co.* v. *Cowart*, 38 *Ga. App.* 426 (144 S. E. 213), in that the plaintiff in the case at bar made a solemn admission in judicio against her own interest, which showed that she was not entitled to recover; whereas in the *Cowart* case the plaintiff was testifying in his own behalf as to the market value of the property for the loss of which he was suing.

3. Direction is given that the directed verdict and the judgment thereon be set aside, and a judgment of nonsuit be entered.

*Judgment affirmed, with direction. Jenkins, P. J., concurs. Stephens, J., concurs specially in the judgment of affirmance without the direction.*

DECIDED SEPTEMBER 28, 1936. REHEARING DENIED DECEMBER 12, 1936.

*O. C. Hancock,* for plaintiff.
*Tidwell & Brown,* for defendant.

