19651.  DANIELS *v.* LUTON.

JENKINS, P. J.  1. "A witness is not to be discredited because of a discrepancy as to a wholly immaterial matter." *Mann* v. *State,* 124 *Ga.* 760 (4) (53 S. E. 324, 4 L. R. A. (N. S.) 934). Accordingly, where, as in the instant suit in trover, the only issue made by the pleadings was as to the plaintiff's title to jewelry sued for, which she contended had been obtained from her by her husband under a pretense of having it remounted and by him presented to the defendant, which contention was in no wise disputed, and where the receipt of the jewelry from the husband by the defendant was in fact admitted, the relations

between the husband and the defendant, the marital status of the plaintiff and the husband, and whether or not the plaintiff had seen the defendant in a restaurant and warned her against going with the husband, were matters wholly immaterial to the issue involved, and any discrepancies in the testimony of the witnesses in regard to such immaterial matters would not render applicable the law as to the impeachment of witnesses, so as to authorize this court to set aside a verdict and judgment in favor of the plaintiff because of an instruction of the court, during the trial and in the charge to the jury, to the effect that certain evidence which had been temporarily admitted for the purpose of impeachment was to be eliminated, since the foundation therefor had not been laid, and the jury were to consider the case as if none of the witnesses had been impeached. This is true irrespective of what may be the rule as to the duty of the judge to charge the law as to impeachment by disproving the facts testified to, whenever an issue has been made by the testimony upon matters not wholly immaterial (Civil Code of 1910, § 5880; *Southern Ry. Co.* v. *O'Bryan*, 119 *Ga.* 147 (2), 150, 45 S. E. 1000), and irrespective of whether an erroneous instruction relative to the absence of any impeachment in a case where such material actual conflict existed may have been cured and eliminated by a subsequent charge which fully instructed the jury as to their province in determining the credibility of the witnesses, and their duty to reconcile conflict in the testimony if possible. *Yaryan Rosin &c. Co.* v. *Haskins*, 29 *Ga. App.* 753, 757 (148 S. E. 341). Since the wholly immaterial conflicts in the testimony related neither to the one material issue nor to any collateral attendant circumstances (*L. & N. Railroad Co.* v. *Ledford*, 141 *Ga.* 770 (4), 773, 83 S. E. 792), but to matters neither directly nor indirectly relevant to the vital and undisputed matter of title, the exception taken to the charge is, under any view of the law, without merit.

2. The evidence authorized the verdict in the municipal court in favor of the plaintiff, and for no reason assigned did the judge of the superior court err in overruling the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided January 23, 1930.

744

*McClelland, Savage & Crawford,* for plaintiff in error.
*Walter Earle Daley,* contra.