29988. FORTSON *v.* THE STATE.

DECIDED APRIL 29, 1943.

380

*J. T. Sisk,* for plaintiff in error. *Tate Conyers, solicitor,* contra.

MacINTYRE, J. 1. The pressure in the instant case is not whether the crime was committed, but whether the defendant was the person who committed it, for the defendant's guilt of simple larceny is wholly dependent upon the inference arising from the recent possession of a part of the property stolen. The judge fully and fairly charged the law of reasonable doubt, and among other

things told the jury not to convict if, after considering the evidence and the defendant's statement, their minds were wavering, unsettled, or not satisfied. He instructed them that they had the right to believe the defendant's statement in preference to the sworn testimony in the case; that he entered the trial with the presumption of innocence in his favor and that this presumption remained until the State rebutted it by proof. He instructed them fully and fairly with reference to the effect of the possession of property recently stolen as the rule related to connecting the defendant with the crime of simple larceny; and thereafter charged as follows: "But to do this, [to convict the defendant] the jury must be convinced from other evidence than the possession that the offense charged has been committed, and the whole evidence taken together must leave no other reasonable hypothesis than that the defendant is guilty." "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code, § 38-109. "Whether dependent upon positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the evidence points may be false, but whether there is sufficient evidence to satisfy the mind and conscience beyond a reasonable doubt." § 38-110.

The defendant excepted to the charge of the court, "For the reason that the trial judge failed to charge the jury sufficiently upon the law of circumstantial evidence, and that the case for the State depended solely upon circumstantial evidence in that the prosecution was dependent solely upon the circumstance of his alleged possession of recently stolen articles, only part of which was alleged to have been found in his possession." There was no request to charge, and we do not think the judge committed reversible error in failing to charge more fully on the law of circumstantial evidence. *Smith* v. *State,* 63 *Ga.* 168 (16); *Simmons* v. *State,* 85 *Ga.* 224, 228 (11 S. E. 555); *Moughon* v. *State,* 57 *Ga.* 102, 107; *Thompson* v. *State,* 166 *Ga.* 512 (12) (143 S. E. 896); *Young* v. *State,* 95 *Ga.* 456 (20 S. E. 270); *Bush* v. *State,* 23 *Ga. App.* 126 (97 S. E. 554).

2. The statements of the defendant's witnesses, Sylvester Hall and Rucker, were in conflict as to where they found the alleged

stolen hub cap in the house the defendant was preparing to "move into" as his residence. The statements of all of the defendant's witnesses that the hub cap was in the house before the defendant moved therein were in conflict with the defendant's statement to a State's witness that he had moved into the house in question on August 1, 1942, which was before the time that said witnesses testified that the hub cap was found therein. Thus the rule, as stated in *Hampton* v. *State,* and *Gibbs* v. *State,* supra, that the jury is forbidden to arbitrarily disregard testimony which is wholly unimpeached, not contradicted, and in no way discredited, is not applicable, but the case comes within the general rule as set out in *Morris* v. *State,* 47 *Ga. App.* 792 (171 S. E. 555), to wit: "Where on the trial of one charged with larceny it is shown by the evidence that recently after the commission of the offense the stolen goods were found in the possession of the defendant, that fact would authorize the jury to *infer* that the accused was guilty, unless he explained his possession to their satisfaction." See also *Mitchem* v. *State,* 53 *Ga. App.* 280 (185 S. E. 367); *Long* v. *State,* 62 *Ga. App.* 775 (9 S. E. 2d, 845); *Lankford* v. *Holton,* 187 *Ga.* 94, 102 (200 S. E. 243). These conflicts and the other circumstances connected with the case authorized the jury to say that the explanation as to his recent possession of the stolen hub cap was not satisfactory. The verdict of guilty having been approved by the judge, this court will not interfere with his discretion in refusing to grant a new trial.

3. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*