36195. PILGREEN, Administratrix, *v.* HANSON.

DECIDED OCTOBER 5, 1956.

*Houston White, Emory A. Schwall, W. Stell Huie, David A. Hewett,* for plaintiff in error.

*Robert Carpenter, Ferrin Y. Matthews,* contra.

GARDNER, P. J. 1. Special ground 1 of the amended motion for a new trial assigns error on the charge of the court: "If she shows to you by a preponderance of the evidence in this case

that the defendant was guilty of *some one* or more or all of the acts of negligence which are set out and charged in this petition, and that such negligence was the proximate cause of any injury and damage which she received, she would be entitled to recover."

The petition alleges as negligence of the defendant that the defendant, with knowledge of "said patent defects" in the floor, failed to warn plaintiff of the same; that he failed to provide proper illumination; that he failed to "maintain a safe and level floor free of humps" and that he failed to "maintain said tile floor covering in a safe and unslippery condition."

The petition was here on general and special demurrer, and this court held (*Pilgreen* v. *Hanson*, 89 *Ga. App.* 703, 81 S. E. 2d 18) that "while it may be true that the mere fact that there is a slight difference between floor levels in different parts of a restaurant which the public is invited to enter does not of itself constitute negligence . . . , and while it may be true that the mere fact that the floor of a restaurant which the public is invited to enter is highly polished so as to be slippery does not constitute negligence of itself . . . , and while it may be true that a restaurant which the public is invited to enter may be so dimly lighted as to be in a state of semi-darkness . . . does not constitute negligence of itself [citing authority for each proposition], we cannot say as a matter of law that, in a restaurant where to the restaurateur's knowledge the three elements exist together, their combined effect is not to create a dangerous condition." P. 709. It was also stated, "The plaintiff alleges that the various 'defects' were patent and known to the defendant, and that he had actual notice of the dangerous condition created by the defects in combination, but it is nowhere alleged that the dangerous condition so created was patent." P. 712.

In *Holman* v. *American Automobile Ins. Co.*, 201 *Ga.* 454 (39 S. E. 2d 850), a petition alleging that the plaintiff slipped on the defendant's waxed and slippery floor, but failing to allege that there were insufficient lights to allow her to see the floor or that she looked at the floor and was unable to tell that it was waxed and slippery, was held subject to general demurrer. A cause of action for slipping and falling on a floor is not set out where it appears that the defect is patent. *Avary* v. *Anderson*, 31 *Ga. App.* 402 (120 S. E. 683). These rules of law were applied to

the allegations of the petition when it made its previous appearance in this court, and the above-quoted portions of the opinion establish as the law of this case what is in any event general law—that is that one cannot state a case without alleging, or effect a recovery without proving, that the defect in the floor which caused the plaintiff to slip, if a patent defect, was for some reason *not connected with any negligence on her part* not patent or obvious to such plaintiff. The allegations of the petition here were saved from general demurrer only because of representations that, through the pattern of the tile, the dimness of the lights, and the unevenness and slipperiness of the floor *in combination* a dangerous situation was created which, although the defects were as alleged, was not "patent and obvious to the plaintiff." Accordingly, only upon proof of such combination of facts, so as to prove that the "dangerous situation so created" was not patent to the plaintiff, can she recover. The charge of the court which allowed recovery upon *any one* of the allegations of negligence was accordingly error, for it is the combination of elements alleged to exist here, each of which may be entirely harmless in itself, which the plaintiff relies upon to allow recovery in the face of the "patent" defects.

The error cannot be held harmless on the ground that the evidence demands à finding that such a situation in fact existed. The plaintiff's own testimony as to the manner in which the restaurant was lighted is equivocal, and all of the other testimony demands a finding that the area was brightly lit. While the plaintiff stated on direct examination that she looked at the floor and saw no unevenness or slippery spot, on cross-examination she said: "Q. At the time that you slipped you had not looked down, had you? A. Not just directly down, no, sir. Q. You had not looked down? A. No, sir. . . Q. Did you say that you never looked down? A. No, I didn't look down. Q. All right, you didn't look down. A. That's right. Q. You didn't see the floor at all, did you? A. Yes, I saw the floor. Q. Well, when did you see the floor, after you fell? A. That's right. Q. That is the first time you saw it, wasn't it, after you fell? A. Yes, I saw it after I fell, yes. Q. And that was the first time you saw that floor, wasn't it? A. I guess it was." Further, the plaintiff alleged that she fell because of "stepping down upon

. . . a curved hump approximately two to two and one-half inches in height extending across the width of said entrance between the two said rooms." Proof showed that there was no "curved hump" but there was a difference in floor levels of one and one-fourth inches, sloped evenly down the eight-inch span of the doorway. Whether or not this constituted a material variation between allegata and probata, it certainly did not demand a finding that the plaintiff had proved her case as laid. The plaintiff saw no wax on the floor, but assumed there was wax there because of the way she slipped and because some wax was found on the bottom of one of her shoes, although that was not found until some months later. All the other testimony in the case demanded a finding that the floor was properly waxed and not slippery. The testimony of the plaintiff, where vague or equivocal, must be construed against her. *Southern Railway Co.* v. *Hobbs,* 121 *Ga.* 428 (49 S. E. 294); *W. & A. R.* v. *Mathis,* 63 *Ga. App.* 172, 177 (10 S. E. 2d 457).

The plaintiff was not entitled to recover upon proof of any *one* of the allegations of negligence unless, in connection therewith, a finding was also authorized that the defect, alleged to be patent, was not patent and obvious to her, and this involved proof of a combination of factors constituting negligence in their sum rather than individually. We therefore conclude that the case was tried upon an improper theory and should be reversed.

2. All the remaining assignments of error have either been abandoned, or are without merit, or are controlled by our ruling in the preceding division of this opinion. The general grounds are not passed upon, since the case is again to be tried.

The court erred in denying the motion for a new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*