38295. WOOTTON *v.* CITY OF ATLANTA *et al.*

CARLISLE, Judge. The plaintiff alleged that she was injured when she slipped and fell on a slippery substance on the floor of the terminal building at the Atlanta Municipal Airport, which she alleged is maintained by the City of Atlanta for the comfort and convenience of passengers and others and in which the defendant Dobbs Houses, Inc., operates a lunch counter at which patrons are served food and drink which they consume while standing in an areaway some 12 feet wide and generally traversed by members of the public of which the plaintiff was one; that the eating and the drinking of the food is done with the knowledge and consent of both defendants; that the defendants had not attempted to prevent this practice, and at 1:15 p.m. on September 24, 1958, petitioner slipped on a slippery substance, either food or drink, on the floor of the terminal building which had been dropped or spilled thereon by a customer of the defendant Dobbs Houses, Inc.; that the defendant Dobbs Houses, Inc., was negligent in permitting the eating and drinking of food and drink at the place in question and in the exercise of ordinary care knew, or should have known, that food or drink being consumed in such manner would be dropped or spilled upon the floor; that the City of Atlanta knew, or in the exercise of due care should have known, that food and drink would be dropped or spilled upon the portion of the floor immediately adjacent to the defendant Dobbs Houses, Inc., counter; that the defendant municipality failed to exercise its duty to keep the floor of the terminal clean and in safe condition for the passengers using the terminal building, and to remove all slippery

substances from the floor; that the defendant municipality was negligent in failing to have the floor of the terminal property lighted so that said slippery spot could be seen, in that the only lighting provided for the floor at that location came from overhead lights high above the floor of the terminal building leaving the floor in the area between the lunch counter and the gift and news stand dimly lighted so that the presence of said slippery substance was not apparent to petitioner. The trial court sustained the general demurrer of the defendant municipality and the oral motion of the defendant Dobbs Houses, Inc., to dismiss the petition, and the exception here is to that judgment. *Held:*

Assuming for the sake of argument that the petition otherwise sufficiently states a cause of action, no facts are alleged showing for what length of time the substance on which the plaintiff slipped had been upon the floor. The defendants were chargeable, not with an absolute duty to maintain the floor in an absolutely safe condition for the plaintiff's passage across the same, but only with the duty of exercising ordinary care to maintain the floor in a reasonably safe condition. In the absence of allegations of facts showing actual knowledge on the part of the defendants of the presence of the substance on the floor, or showing facts and circumstances from which it would be inferred that the defendants had knowledge of the presence of the substance on the floor, the defendants would not be charged with negligence in failing to remove a substance placed there by someone else. *Miscally* v. *Colonial Stores,* 68 *Ga. App.* 729 (23 S. E. 2d 860). The trial court did not err in sustaining the general demurrer and the oral motion to dismiss and in dismissing the action.

*Judgment affirmed.* *Gardner, P. J., Townsend and Frankum, JJ., concur.*

DECIDED JUNE 6, 1960.

A. *Mims Wilkinson, Jr.,* for plaintiff in error.

J. C. *Savage, Newell Edenfield, T. J. Long, Ben Weinberg, Jr.,* contra.