40220. MONTGOMERY v. PICKLE et al.

FRANKUM, Judge. 1. Where in a trover action for described personal property, the defendants made a motion for a summary judgment based on the deposition of the plaintiff and the pleadings on file in the case, the burden was on the movants to show that they were entitled to a judgment as a matter of law and that there was no genuine issue of fact to be decided by a jury. *Code Ann. Ch.* 110-12; *Motorola &c. Electronics v. South Ga. &c. Co.,* 104 Ga. App. 376, 382 (121 SE2d 672).

2. The purpose of a motion for a summary judgment is to eliminate a jury trial where it would be unnecessary; and where the evidence introduced upon the hearing of the motion shows that there is no genuine issue as to any material fact in the case, it is proper for the trial judge to grant a summary judgment for the party entitled thereto. *Scales v. Peevy,* 103 Ga. App. 42, 46 (2) (118 SE2d 193).

3. Where, in a case of the nature indicated above, after the defendants had taken the deposition of the plaintiff, they made a motion for a summary judgment, which motion was duly served on the plaintiff, and where the motion recited that it was based on the deposition and the pleadings in the case, and where the deposition with all reasonable deductions or inferences therefrom demanded a finding that the plaintiff was not entitled to recover, if the plaintiff was to overcome this showing, he had the burden of making a counter showing at the time of the hearing on the motion for a summary judgment, and upon his failure to do so, it was proper for the court to grant the summary judgment. *Scales v. Peevy,* 103 Ga. App. 42, supra.

4. The deposition of the plaintiff in the instant case, when given a reasonable construction, affirmatively showed that the defendants named in the trover action had never had possession of the personal property sought to be recovered, nor had they converted it, and such evidence, therefore, demanded a judgment for the defendants.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 4, 1963.

*Chas. W. Anderson,* for plaintiff in error.
*James A. Able, Jr.,* contra.