43624. LANIER, by Next Friend v. KRZYWICKI.

HALL, Judge. In this automobile negligence case the following undisputed evidence presented with the defendant's motion for summary judgment did not pierce the pleadings by establishing that the defendant was not negligent: The transcript of sworn testimony of witnesses showing that the defendant was driving on Abercorn Street in the City of Savannah, in the left (inside) of two lanes for traffic traveling in the same direction, at about 30 miles per hour and after crossing some intersections was passing a bus which had stopped in the right (outside) of the two lanes, and that a child had got off the bus and started across the street in front of the bus, waved to the bus driver and was looking back toward the bus. The defendant driver's testimony: "As I ·. . . approached the bus the first thing I saw was a small child waving, more or

less in motion, and the next thing I knew he was on top of my hood. . . I slammed on the brakes, I skidded for approximately thirty, thirty-five feet. The boy flew from my car another estimated twenty, twenty-five feet and landed on the pavement." The testimony of a witness who was riding in the defendant's car was that the child was 8 or 10 feet from the car when he first saw him. While at the trial the burden will be upon the plaintiff to prove his case, on the defendant's motion for summary judgment the burden is upon the defendant to prove that he was not negligent. *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331, 333-334 (160 SE2d 672).

In determining the question of fact whether the conduct of a person acting in exciting circumstances is negligent, the standard to be applied is what a reasonably prudent person in the same circumstances would have done. When fair and intelligent minds might differ in applying this standard to the facts, the question must be decided by the jury. *French v. Stephens,* 117 Ga. App. 61 (159 SE2d 484). See also *Kennedy v. Banks,* 117 Ga. App. 197 (160 SE2d 208). In the present case the essential facts before the trial court were not in dispute; the application of the standard to these facts is for a jury.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*

SUBMITTED MAY 7, 1968—DECIDED JUNE 6, 1968—
REHEARING DENIED JUNE 24, 1968.

*Alton D. Kitchings,* for appellant.
*Adams, Adams & Brennan, Sam P. Inglesby, Jr.,* for appellee.