## 46515. DICKEY v. J. C. PENNEY COMPANY.

HALL, Presiding Judge. Plaintiff in a personal injury action appeals from the grant of summary judgment for the defendant.

Plaintiff alleged that when placing her foot upon the first step of the flight leading to the basement of one of defendant's stores, it came into contact with some oily, slick or slippery substance which caused her to slip and fall. Following defendant's motion for summary judgment she added to her complaint an allegation that the step was improperly constructed as it is a continuation of the main floor, it is made from slick marble, and that the only abrasive protection is at the leading edge (and not back where people customarily place their feet).

Defendant submitted affidavits from two of its employees who examined the top step immediately following the incident and who stated that they made a thorough investigation and found the spot in question clean and free from any foreign substance. They also both stated that plaintiff said, upon being helped up from her fall, that she had experienced a dizzy spell. Plaintiff said on deposition that she stepped on something slick, like ice, but that she had not seen anything there before she stepped off and had no idea what it might have been. Her husband was with her in the store and his deposition was also taken and submitted on motion. He testified that he also had seen nothing on the top step; that he was walking a step or two ahead of plaintiff when she came falling down past him; that later when she was in the hospital he noticed a stain on the sole of her shoe which he then placed in a plastic bag (the record does not show whether the stain was ever identified); that he returned to defendant's store soon after to examine the step but could see nothing wrong with it; and that he tried to find out from the manager whether the store carried insurance.

Plaintiff contends that a material issue of fact is presented, i.e., whether there was a slippery foreign substance on the step. Plaintiff further contends that defendant in no way pierced the amended pleadings concerning improper construction.

Except for the "stain on the shoe," the facts of this case closely parallel *Brown v. J. C. Penney Co.,* 123 Ga. App. 233 (180 SE2d

364) in which this court held that the defendant had pierced the pleadings, plaintiff had produced no counterproof, and since a storekeeper is not an insurer, defendant was entitled to summary judgment.

As for the stain on the shoe, we believe it is insufficient as counterproof raising a material issue of fact. Once a shoe is ever worn, it will have stains, and people infrequently examine their soles. The tenuous inference urged by plaintiff—that the presence of a stain on her shoe proves there was some foreign substance on defendant's step—does not rebut clear and direct evidence to the contrary. See *Holtzclaw v. Lindsay*, 122 Ga. App. 703 (178 SE2d 561).

The allegation of improper construction was pierced by its own wording. Naturally the first step was a continuation of the main floor. Rarely, if ever, is a staircase constructed so that one must first step up in order to go down. That the floor was marble is equally proper. Georgia courts have long since taken judicial notice of its suitability as a building material. Finally, plaintiff herself admits the leading edge had an abrasive protection. We can only conclude she wants to make a jury issue out of the proper width of the abrasive safety tread. We do not consider this an allegation of negligence against defendant worthy of litigation.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur. Whitman, J., not participating because of illness.*

ARGUED SEPTEMBER 17, 1971—DECIDED NOVEMBER 15, 1971.

*Calhoun & Sims, W. Davis Sims,* for appellant.

*Bouhan, Williams & Levy, Edwin D. Robb, Jr., Frank W. Seiler,* for appellee.