47893. FOOD FAIR, INC. v. MOCK et al.

Stolz, Judge. Plaintiff Mrs. Erma Mock, brought suit against defendant Food Fair, Inc. for injuries and damages sustained as the result of her slip and fall, which occurred at approximately 3:30 p.m. on November 23, 1971, in the produce section of the defendant's grocery store. Plaintiff Ralph Mock brought suit for his wife's medical expenses, loss of services and consortium. The defendant's motion for summary judgment was overruled. The trial judge certified his decision for immediate review pursuant to Code Ann. § 81A-156(h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) and the defendant appeals. *Held:*

On motion for summary judgment, the burden is upon the moving party to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408); *Gray v. Delta Air Lines,* 127 Ga. App. 45 (2) (192 SE2d 521); *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866), and cit.

In her deposition, which was made a part of the defendant's motion for summary judgment, the plaintiff testified that she did not know what she had stepped on; that she did not see what she had stepped on; that she did not have any idea what she had stepped on; that she saw only one piece of leafy vegetable on the floor in the area where she fell, but it was not what caused her to fall; that she could not say that the floors in the grocery store appeared to be particularly shiny or freshly waxed.

Affidavits from the defendant's store manager and assistant manager, also filed in support of the defendant's motion for summary judgment, showed that Mrs. Mock "hollered" when she fell; that, upon hearing her shout, they went directly to the place where she fell and remained there until after she was removed by ambulance attendants; that, as she was lying on the floor and after she was removed, each affiant "carefully examined the floor where she was and had been, and carefully examined the floor in the immediate surrounding area adjacent thereto" and that in said area there was no defect in the terrazzo (floor) or trash, spilled liquids, sand, grit, leafy vegetables or any foreign matter whatsoever. There were no counter-affidavits or other evidence submitted in opposition to the motion for summary judgment.

Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) provides in part, "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The general law relating to "slip and fall" cases has been well established for a period of years and the case citations are legion. "These may be summarized as follows: (1) 'One cannot state a case without alleging, or effect a recovery without proving, that the defect in the floor which caused the plaintiff to slip, if a patent defect, was for some reason *not connected with any negligence on her part* not patent or obvious to such plaintiff.' *Pilgreen v. Hanson,* 94 Ga. App. 423, 425 [94 SE2d 752]. (2) 'Before an owner can be held liable for the slippery condition of the floor, produced by the presence of a foreign substance, proof must be shown that he was aware of the substance or would have known of its presence had he exercised reasonable care.' *Boatright v. Rich's,* 121 Ga. App. 121 (3) [173 SE2d 232]. (3) 'In the absence of allegations of facts showing actual knowledge on the part of the defendants of the presence of the substance on the floor, or showing facts and circumstances from which it would be inferred that the defendants had knowledge of the presence of the substance on the floor, the defendants would not be charged with negligence in failing to remove a substance placed there by someone else.' *Wootton v. City of Atlanta,* 101 Ga. App. 779, 780 [115 SE2d 396]. (4) Where there are no conditions making the

premises unusually dangerous, the law does not require the proprietor to provide a constant patrol. *Angel v. Varsity, Inc.,* 113 Ga. App. 507 [148 SE2d 451]." *Emory University v. Williams,* 127 Ga. App. 881, 883 (195 SE2d 464).

The evidence contained in the aforesaid affidavits of the defendant's employees, which are hereinabove referred to, pierced the pleadings as to the existence of any defect in or on the floor.

Under this evidence, the defendant could not have been aware of any defect or have become aware of such in the exercise of ordinary care because (according to affiants) no defect existed.

At this point it was incumbent upon the plaintiff to establish by evidence the existence of a genuine issue of material fact in each of the two essential elements in this type of case, i.e., the existence of a defect and the defendant's awareness thereof, either actual or constructive. *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766, 768 (115 SE2d 374); *Scales v. Peevy,* 103 Ga. App. 42, 46 (118 SE2d 193); *Montgomery v. Pickle,* 108 Ga. App. 272 (3) (132 SE2d 818); *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 304 (138 SE2d 580).

Even if the testimony contained in the plaintiff's deposition could be said to create a genuine issue of fact as to a defect on the floor (which we hold it does not), there is no such testimony or any other evidence showing the defendant's awareness thereof or that the defendant would have become aware of its presence had it exercised ordinary care. In this particular, there is a fatal void in the plaintiff's case.

The evidence above referred to is very similar to that in *Scott v. Gulf Oil Corp.,* 116 Ga. App. 391 (157 SE2d 526). As in *Scott,* we are not concerned with any issue of proof with respect to knowledge by the defendant or its agents of the presence of any defective condition or slippery substance that caused plaintiff, Mrs. Mock, to fall. The evidence shows that the plaintiff did not know what she stepped on or what caused her fall. In *Scott,* the plaintiff did present evidence to show that he did see a spot of grease on his shoe when he arrived at the hospital, which might have given rise to an inference that this caused his fall. Here the plaintiff does not even have this type of evidence. The evidence is not ambiguous, doubtful, or susceptible of more than one interpretation. There is no evidence that the defendant or its agents were guilty of any negligence. Indeed the record affirmatively shows the absence of any negligence by the

defendant or its agents. The evidence simply shows that the plaintiff fell while shopping in the defendant's store. This is insufficient. See *W. T. Grant Co. v. Phillips,* 116 Ga. App. 650 (158 SE2d 312). To hold the defendant responsible in damages under the evidence presented, would make the storekeeper an insurer of the plaintiff's safety while on the premises. This is not the rule. See *Brown v. J. C. Penney Co.,* 123 Ga. App. 233, 236 (180 SE2d 364) and cit.; *Dickey v. J. C. Penney Co.,* 124 Ga. App. 852 (186 SE2d 356).

The trial judge erred in denying the defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., Hall, P. J., Eberhardt, P. J., and Clark, J., concur. Pannell, Deen, Quillian and Evans, JJ., dissent.*

Argued February 13, 1973 — Decided July 6, 1973 — Rehearing denied July 19, 1973 —

*Coleman, Blackburn, Kitchens & Bright,* Wilby C. Coleman, for appellant.

*Bennett, Saliba & Yancey, George M. Saliba,* for appellees.

Pannell, Judge, dissenting. I dissent from the ruling of the majority for several basic reasons, any of which are sufficient reasons for requiring the affirmance of the trial judge in his denial of the defendant's motion for summary judgment.

1. The evidence consisting of depositions of plaintiff taken for purposes of discovery and the affidavits of the manager and assistant manager of the defendant grocery store, all introduced by the defendant, make an issue of fact as to whether plaintiff slipped on something on the floor of the defendant's store, the only area of plaintiff's case which defendant sought to disprove or in which it sought to pierce the pleadings. If it failed in this, it failed entirely.

2. There was also a direct conflict between the testimony of the plaintiff in the deposition and that of defendant's manager and assistant manager as to a material fact, that is whether there were vegetable leaves on the floor on which plaintiff may have stepped and slipped. This creates a question of credibility, resolvable only by a jury, as to the testimony of the defendant managers *upon which testimony the majority bases its decision granting summary judgment to the defendant.*

3. The authorities cited to sustain the majority opinion, which construes plaintiff's deposition most strongly against her and

places the burden of proof upon her, either relate to the burden of proof of a plaintiff upon the trial of the case, or allegations necessary to state a cause of action under the old pleading rules, or have been questioned as proper authority on motions for summary judgment by a defendant on whom the burden of proof does not rest on the trial, but upon whom, as movant for summary judgment, it rests in this case.

4. The majority opinion, for various other reasons, stated in this dissent, either misconstrues and misapplies or entirely overlooks the rules relating to a motion for summary judgment by one upon whom the burden of proof does not lie at the trial, such as drawing inferences in favor of the movant, rather than against movant; failing to apply the rule that movant's evidence must demand a finding that some essential element of plaintiff's case has been disproven, or to state it differently, fails to apply the rule that the plaintiff's pleadings have been pierced by evidence demanding a finding to the contrary of the pleading.

The majority opinion does not contain essential evidence in the case.

The defendant bases its right to a summary judgment on extracts from depositions of the plaintiff taken by the defendant and the affidavits of the manager and assistant manager of the defendant food store. I quote from the extracts of plaintiff's deposition as follows: "Q. In your suit you alleged that you stepped on a leaf or some slippery item? A. Stepped on something on the floor. I don't know what it was. Q. By 'slippery item,' what specifically do you mean? A. Well, it was something on the floor from the vegetable shelf—or counter—that's all it could have been. Had I seen it, I wouldn't have stepped on it. What it was, I have no way of knowing, *because it went that way and I fell this way;* but whatever it was, it was slick and my heel hit it, and out from under me it went. *There was other leaf on the floor. I saw that.* Q. Well, you didn't see anything slide out from under your foot? A. Oh, no. It was so quick. I didn't see anything *slide* out from under it, *but I know there was something under it; and there was a vegetable leaf back over this way.* When I raised my head and saw this man, there was a leaf on the floor just about as far from my head as that walker was. Now, I couldn't have stepped on that. Had I stepped on that, it wouldn't have been back over here. Q. So you didn't step on a leaf that you could see? A. The leaf that I saw, I didn't step on that. Q. Well, you don't really have any idea what you stepped on? A. Frankly, I don't. Had I seen it, I wouldn't have stepped on it. If I'd seen it, I'd a been

foolish to stepped on it, because nobody wants to fall and get hurt. Q. Did you see any more than one piece of leafy vegetable? *You said you saw one about opposite your head and about three feet away. Did you see any other? A. No, frankly, right then I wasn't interested in what was on the floor.* Q. Now, the leaf that you saw, which you said you know you couldn't have slipped on, because it was too far back of where you finally landed, what sort of leaf was that? A. *Well, all I can tell you right now, it was just a vegetable leaf. Looked like it maybe had been laying there some little bit. It was wilted looking.* Q.Would it have been a cabbage leaf? A. No, I don't think so—frankly, I couldn't tell you, as I said, it all happened so quick, and all I do know is I saw that leaf laying there. Now, what I stepped on, as I said, I couldn't tell you, because I didn't see it. Q. But it wasn't that leaf? A. It wasn't that leaf. Had it been *the* leaf I stepped on, in my estimation or for what good it is, my foot went that way." (Emphasis supplied.) The affidavit of the manager and the assistant manager of the defendant food store were identical and in the material part read as follows:

'That when Mrs Mock fell she hollered, and upon hearing her shout, affiant went directly to the place where she fell and remained there until after she had been removed by ambulance attendants,

"That while Mrs. Mock was lying on the floor, and after she was removed from the floor, affiant carefully examined the floor where she was and had been, and carefully examined the floor in the immediate surrounding area adjacent thereto, that in said area there was no defect in the terrazzo or trash, spilled liquids, sand, grit, *leafy vegetables,* or any foreign matter whatsoever."

1. In my opinion, construing the testimony of the plaintiff most strongly in her favor, it would *authorize* a finding she slipped on a slippery substance on the floor of defendant's store and the testimony of the managers by affidavit would *authorize* a finding there was no slippery substance on the floor at the time the plaintiff fell. This creates a *material issue of fact.* I find nothing in the plaintiff's evidence in its nature too incredible to be accepted by reasonable minds or, that conceding its truth, it is without legal probative force. See Whitaker v. Coleman, 115 F2d 305, 306, 4 FR Serv. 56c.41, Case 1. The defendant's evidence does not *directly* show there was no slippery substance on the floor *at the time* plaintiff fell, but an inference may be drawn therefrom to that effect; however, it "is not the function of the court in ruling on a motion for summary judgment to draw fact inferences in favor of

the party for whom summary judgment is rendered." 6 Moore's Federal Practice (2d Ed.), p. 2301 [1.-05]; Gray Tool Co. v. Humble Oil & Refining Co., 186 F2d 365, 367, 15 FR Serv. 56a.24, Case 3, cert. den. 341 U. S. 934 (71 SC 854, 95 LE 1363). That prerogative belongs to the jury on the trial of the case.

"Since it is not the function of the trial court to adjudicate genuine factual issues at the hearing on the motion for summary judgment, in ruling on the motion all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion." 6 Moore's Federal Practice, (2d Ed.) p. 2337.

The fact that other parts of plaintiff's testimony may itself tend to refute the testimony that she slipped on *something slippery,* would, on motion for summary judgment by defendant, merely create a *conflict in the evidence* or a question of *credibility.* See *Mathis v. R. H. Smallings & Sons,* 125 Ga. App. 810 (189 SE2d 122); *Brown v. Sheffield,* 121 Ga. App. 383, 388 (173 SE2d 891).

2. Even should we concede that the plaintiff's testimony in her deposition fails to prove *what* she slipped on and even should we assume the defendant manager's testimony, if believed, would demand a finding that nothing slippery was on the floor *when* plaintiff fell, rather than an inference to that effect, the grant of summary judgment to the defendant still depends entirely on the credibility of the manager and assistant manager. The only evidence offered by defendant to disapprove the allegations of the petition that plaintiff slipped on something slippery on defendant's floor would be these affidavits by employees who are no doubt responsible for the cleanliness of the floor. Both of these affidavits stated there were no "leafy vegetables" on the floor. It is my opinion that whether there were leafy vegetables on the floor in the area where the plaintiff fell was *a fact material to the case.* See *Kroger Co. v. Cobb,* 125 Ga. App. 310 (187 SE2d 316). The plaintiff's testimony flatly contradicted this testimony of the defendant's witnesses. The defendant's witnesses being contradicted as to a material fact, their credibility becomes then a question for the jury. " 'The credibility of a witness is a matter to be determined by the jury under proper instructions from the court.' Code § 38-1805. 'When a witness shall be successfully contradicted as to a material matter, his credit as to other matters shall be for the jury.' Code § 38-1806. Where, on motion for summary judgment, it appears that the credibility of a witness or witnesses upon whose testimony the grant of the summary judgment depends, is at issue in the case

'Neither the trial court nor this court will resolve the matter or is concerned with the credibility' but will leave this matter to the jury, rather than grant summary judgment based on the 'uncontradicted' area of the testimony of the witness, whose credibility is for the jury, and not for the trial judge or this court. See in this connection *Benefield v. Malone,* 112 Ga. App. 408 (145 SE2d 732); *General Gas Corp. v. Carn,* 103 Ga. App. 542 (120 SE2d 156); *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736 (123 SE2d 179); *Darby v. Interstate &c. Ins. Co.,* 107 Ga. App. 409 (130 SE2d 360); *Hollis v. St. Joseph Infirmary,* 108 Ga. App. 309 (132 SE2d 841)." *Raven v. Dodd's Auto Sales & Service,* 117 Ga. App. 416, 421 (160 SE2d 633). "To satisfy the moving party's burden the evidentiary material before the court, if taken as true, must establish the absence of any genuine issue of material fact, and it must appear that there is no real question as to the credibility of the evidentiary material, so that it is to be taken as true. If the non-existence of any genuine issue of material fact is established by such credible evidence that on the facts and the law the movant is entitled to judgment *as a matter of law,* the motion should be granted, unless the opposing party shows good reason why he is at the time of the hearing unable to present facts in opposition to the motion. If, however, the papers before the court disclose a real issue of credibility or, apart from credibility, fail to establish clearly that there is no genuine issue as to any material fact, the motion must be denied." (Emphasis supplied.) 6 Moore's Federal Practice, p. 2339. "While a witness is not to be discredited because of a discrepancy as to a wholly immaterial matter (*Daniels v. Luton,* 40 Ga. App. 741 (1) (151 SE 659)) or because of proof of prior contradictory statements as to a wholly irrelevant and immaterial matter (*Bryant v. State,* 191 Ga. 686 (2) (13 SE2d 820); *Grant v. Hart,* 197 Ga. 662 (7) (30 SE2d 271); *Benefield v. Malone,* 112 Ga. App. 408, 411, supra)) yet where such unexplained discrepancy, or contradiction by other witnesses, is as to a matter relevant and material to the issue, it is error to grant a motion for summary judgment. Firemen's Mutual Ins. Co. v. Aponaug Mfg. Co., 149 F2d 359, 363, supra. See also *Fortson v. State,* 69 Ga. App. 378 (2) (25 SE2d 820)." *Raven v. Dodd's Auto Sales & Service,* 117 Ga. App. 416, 422, supra.

Further, in this regard as to movant's witnesses, it has been held, "The mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact" (Sonnentheil v.

Christian Moerlein Brewery Co., 172 U. S. 401, 408 (19 SC 233, 43 492)) although the case was not based solely on that ground (followed in Sartor v. Arkansas Natural Gas Corp., 321 U. S. 620, 624 (64 SC 724, 88 LE 967, 7 FR Serv. 56c.41, Case 14)). However, in Dewey v. Clark, 180 F2d 766, 770, 13 FR Serv. 56c.41, Case 10, it was said: "The court [in the Sartor case] quoted from an earlier opinion in Sonnentheil v. Christian Moerlein Brewery Co. . . . to the effect that the interest of a witness in the result of a suit required the credibility of his testimony to be submitted to the jury. We do not deem this reference of the Court to credibility as necessarily precluding summary judgment whenever interest in the result may be said to make credibility a factor. But the reference is at least indicative of the restraint required in such a case." This alone would have authorized the trial judge, in the exercise of a sound discretion, to deny the motion for summary judgment by the defendant. "Discretion plays no real role in the grant of summary judgment: the grant of summary judgment must be proper under the above principles or the grant is subject to reversal. The trial court may, however, exercise a sound discretion in denying summary judgment where, although the movant may have technically shouldered his burden, the court is not reasonably certain that there is no triable issue of fact." 6 Moore's Federal Practice (2d Ed.) p. 2440.

Because the plaintiff's testimony on motion for summary judgment by the defendant, even if contradictory, must be construed most strongly in her favor, and because if there is any contradiction in her testimony on motion for summary judgment by the defendant, this contradiction itself would create an issue of fact or a question of credibility (*Brown v. Sheffield,* 121 Ga. App. 383, 388 (173 SE2d 891)) and because she testified she *slipped on something slippery on the floor;* then this court, in granting summary judgment for the defendant, is holding this portion of the plaintiff's testimony is unworthy of belief. That is a function for a jury on a trial of the case and not for this court on review on denial of the motion for summary judgment by the defendant.

3. The cases cited to sustain the majority ruling have been questioned as proper authority on motions for summary judgment, or the cases cited follow such cases. Because of the confusion created by these cases, and others like them, this court certified a question to the Supreme Court in *Burnette Ford v. Hayes,* which was answered by the Supreme Court in 227 Ga. 551 (181 SE2d 866), and upon return to this court, the rulings in *Lampkin v. Edwards,*

222 Ga. 288 (3, 5) (149 SE2d 708); *Ryder v. Schreeder,* 224 Ga. 382, 386 (162 SE2d 375); *Dykes v. Hammock,* 116 Ga. App. 389 (157 SE2d 524); *Scott v. Gulf Oil Corp.,* 116 Ga. App. 391 (157 SE2d 526); *McKnight v. Griffin,* 118 Ga. App. 168 (162 SE2d 743); *Davis v. Ferrell,* 118 Ga. App. 690 (165 SE2d 313); and *Chandler v. Gately,* 119 Ga. App. 513 (167 SE2d 697) *were held to be no longer considered as binding authority on this court on the matters in question. Burnette Ford v. Hayes,* 124 Ga. App. 65, 66 (183 SE2d 78).

A history of these cases and a discussion of them and how they are used as authority by the majority may be in order here. The leading case in this group is *Dykes v. Hammock,* 116 Ga. App. 389, supra. I quote from that case as follows: "The plaintiff filed a petition alleging in part: that the defendant, owner of a used car lot, negligently placed a chain on the pavement in an area where his customers would walk; that as a result of stepping on the chain she fell and sustained certain injuries. However, on deposition she testified, 'Something rolled under my foot is what throwed me.' While she testified she fell in the area where the chain was located neither she nor any other witness testified that she actually stepped on the chain causing her to fall. It is true, in opposition to a motion for summary judgment, she filed an affidavit which stated she stepped on the chain. However, if a plaintiff testifies to facts in one instance and also testifies that he does not know them to be true, this neutralizes his testimony and proves nothing. *Hamby v. Hamby,* 99 Ga. App. 808, 820 (110 SE2d 133); *Robertson v. Carroll Furn. Co.,* 54 Ga. App. 841 (189 SE 273); *Wallace v. State,* 55 Ga. App. 872, 875 (192 SE 81). Testimony of a party in his own behalf must be construed most strongly against him, if self-contradictory, vague or equivocal, and without other evidence of a right to recover, he is not entitled to a finding if his testimony, so construed, shows that the verdict should be against him. *Douglas v. Sumner,* 213 Ga. 82, 85 (97 SE2d 122). A summary judgment is analagous to a directed verdict (*McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408); *Standard Acc. Ins. Co. v. Ingalls Iron Works Co.,* 109 Ga. App. 574 (136 SE2d 505); *Pike v. Stafford,* 111 Ga. App. 349 (141 SE2d 780)) and if this case had gone to trial, under the above evidence, the defendant would have been entitled to the direction of a verdict. Under the principles stated in the above cited authorities, the judge of the superior court did not err in sustaining the defendant's motion for summary judgment." This court erred in that case in two particulars, (1) in construing plaintiff's testimony most strongly against plaintiff; and (2)

applying the analogy of a directed verdict as if upon the trial because plaintiff failed to prove its case. This case was followed in *Scott v. Gulf Oil Corp.*, 116 Ga. App. 391, supra. The *Scott* case is followed in the present case and cited by the majority. The *Dykes* case was also followed in *W. T. Grant Co. v. Phillips*, 116 Ga. App. 650 (158 SE2d 312) cited by the majority, which case, however, distinguishes itself from those cases, as the present case, involving slick substances *on* a floor, rather than a floor built of a slick substance but generally acceptable as a floor material, although it applied the erroneous theory of burden of proof. Both *Scott* and *Dykes* were followed in *McKnight v. Guffin*, 118 Ga. App. 168, supra, in which this court again, on motion for summary judgment by a defendant, applied the rule of the analogy of a motion for directed verdict as if on the trial in Division 1 of the opinion and in Division 4 ruled: "The facts adduced in the present cases on the hearing of defendants' motions for summary judgment are set forth in the deposition of Mrs. McKnight of date May 25, 1967, and in her later affidavit of date September 20, 1967, and in an affidavit of her husband, Mr. McKnight, of date September 20, 1967. Insofar as there are contradictions in the deposition and affidavit of Mrs. McKnight, the deposition is controlling." In the *McKnight* case this court cited *Dykes* in Division 1 of the opinion and *Dykes* and *Scott* in Division 4. At this point it might be well to compare *Brown v. Sheffield*, 121 Ga. App. 383, 388, supra wherein a witness made an affidavit contradictory of an unsigned statement made by her, and on deposition repudiated the affidavit. Both the affidavit and the deposition were introduced in evidence on the motion for summary judgment by the defendant, as well as personally appearing and repudiating the affidavit. This court, in commenting on the contradictory situation of this evidence, referring first to this situation as if upon the trial of a case, said: "In that situation, a directed verdict would be proper. But the matter is now on summary judgment, and in that posture the affidavit itself is admissible under Code Ann. § 81A-156, and a question of credibility as well as of substantive fact immediately arises which cannot be resolved on summary judgment. *Ginn v. Morgan*, 225 Ga. 192 (167 SE2d 393); *Southern Bell T. & T. Co. v. Beaver*, 120 Ga. App. 420 (3) (170 SE2d 737); Dyer v. MacDougall, 201 F2d 265 (12 FRD 357); Whitaker v. Coleman, 115 F2d 305, 306; Sartor v. Arkansas Natural Gas Corp., 321 U. S. 620 (64 SC 724, 88 LE 967); Chapman v. Hawthorne Flying Service, 287 F2d 539, 541."

Again, the *Scott* case was cited and followed in *Ferry v. Collins*,

118 Ga. App. 460 (164 SE2d 235) in which the analogy to a directed verdict *on the trial* was again erroneously stated by this court. The correct rule was applied by this court in *Durrett v. Tunno,* 113 Ga. App. 839 (149 SE2d 826). We quote from that case (p. 840) as follows: "The trial court in granting the defendant's motion stated in its order that 'the petition alleges in Paragraph 5 that the plaintiff observed the defendant's cleaning woman moving the rug so as to leave the same in a cupped or wrinkled condition. This amounts to actual knowledge of the alleged defect on the part of the plaintiff,' and that 'The court is of the opinion that the contradicting testimony of the plaintiff is insufficient to sustain the alleged negligence.' . . . The petition did allege as a matter of fact that the rug had been placed in a cupped and wrinkled condition by the defendant's agent and that the plaintiff had no prior knowledge of this condition before she fell; and these allegations were not pierced by the evidence offered by the defendant in support of her motion for summary judgment. The defendant upon whom rested the burden of piercing the allegations of the petition and showing to the court that there was no genuine issue of material fact for consideration by the jury (*Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193); *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309 (138 SE2d 433); *Pike v. Stafford,* 111 Ga. App. 349 (141 SE2d 780)) did not produce testimony by the cleaning woman or any other witness that the rug *was not placed* in a cupped and wrinkled condition [emphasis supplied] as alleged in the petition; and the testimony of the plaintiff when construed against the movant as required on motion for summary judgment did not demand such finding. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). The plaintiff's testimony when construed in her favor, merely showed that, based upon her visual observation of the rug prior to her fall, she did not know whether or not the rug was in a cupped and wrinkled condition, and such testimony did not rebut the allegations of the petition that the plaintiff felt the cupped condition of the rug as her foot came into contact with it at the instant that she tripped and fell forward."

Now, how stands the majority as to the cases cited to support its reversal of the trial judge in refusing to grant defendant's motion for summary judgment?

*Scott v. Gulf Oil Corp.,* 116 Ga. App. 391, supra, was expressly disapproved in *Burnette Ford v. Hayes,* 124 Ga. App. 65, 66, supra.

*W. T. Grant Co. v. Phillips,* 116 Ga. App. 650 (158 SE2d 312)

followed *Scott v. Gulf Oil Corp.,* as well as *Collins v. S. H. Kress & Co.,* 114 Ga. App. 159 (150 SE2d 373), which latter affirmed the grant of a nonsuit, thus, demonstrating that the court, in the *W. T. Grant Co.* case, was placing the burden of proof on the plaintiff and construing the plaintiff's evidence against the plaintiff, as was done in the *Collins* case.

*Brown v. J. C. Penney Co.,* 123 Ga. App. 233, supra, and cit. was based upon and cited *Collins v. S. H. Kress & Co.,* 114 Ga. App. 159, the nonsuit case, and upon *Scott v. Gulf Oil Corp.,* 116 Ga. App. 391, disapproved in *Burnette Ford v. Hayes,* 124 Ga. App. 65, 66, and upon *W. T. Grant & Co. v. Phillips,* which in turn relied upon the disapproved *Scott v. Gulf Oil Corp.* case and the nonsuit case of *Collins v. S. H. Kress & Co.*

*Dickey v. J. C. Penney Co.,* 124 Ga. App. 852 (186 SE2d 356) followed the *Brown v. J. C. Penney Co.* case.

It, thus, appears that the majority is supported only by questionable authority, some of which cases have been expressly disapproved, or have followed cases expressly disapproved by this court and the Supreme Court of this state.

4. I also dissent from the ruling of the majority for the reasons I dissented in *Bryant v. Rucker,* 121 Ga. App. 395 (173 SE2d 875), and *Brown v. J. C. Penney Co.,* 123 Ga. App. 233, supra. This ground for dissent may be basically divided into two reasons. That is, the majority opinion of this court (a) grants a summary judgment to the defendant *solely* because the plaintiff has not proved its case, and related to that, and (b) the majority opinion ignores the requirements of the statute that the defendant's evidence must demand a finding in defendant's favor; that is, demand a finding that at least one of the essential facts to authorize plaintiff's recovery is not true.

(a) This first error occurs because of the court's failure to properly apply the rule applicable where a party, *on whom the burden of proof does not lie at the trial,* moves for a summary judgment.

In *Morrow v. Thomason,* 127 Ga. App. 309 (193 SE2d 256), which was a tort action based on negligence, this court said: "The case against Thomason for gross negligence as revealed by the present record is of the weakest sort. On a trial, where the burden rests on the plaintiff, defendant may very well be entitled to a directed verdict. However, it is here on defendant Thomason's motion for summary judgment in an automobile collision case. 'On motion for directed verdict the party resisting the motion, i. e., the plaintiff,

has had to and has presented his evidence, which is then scrutinized by the motion. On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts.' *Burnette Ford v. Hayes,* 227 Ga. 551, 552 (181 SE2d 866). 'The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence. . . The grant of a summary judgment may be improper where, at the trial, the grant of·a directed verdict may be proper, when the party making the motion for summary judgment is not required to carry the burden on the trial of the case.' *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2, 3) (173 SE2d 114)."

See also *Southern Bell Tel. &c. Co. v. Beaver,* 120 Ga. App. 420 (4) (170 SE2d 737) where, upon application of this principle to a negligence action and motion for summary judgment by the defendant, this court said: "Where, as in the present case, the defendants, master and servant, in an action based upon alleged negligent operation of an automobile on an expressway in that the servant in the course of his employment 'negligently drove into the rear' of the plaintiff's automobile on a crowded expressway, introduces in support of the defendant's motions for summary judgment (a) a deposition of the plaintiff driver which was taken by the defendants and which might have failed to show negligence on the part of the defendant servant, but does not negative such negligence on the part of the defendant servant, and (b) on an affidavit of the defendant servant which describes how the collision occurred and fails to show negligence on the part of the defendant servant, but also fails to show *affirmatively* lack of negligence of such defendant in the ordinary duties involved in driving an automobile in crowded traffic such as that the defendant's brake lights were working or that he gave a hand signal before stopping behind the plaintiff's automobile, or failed to show that driving one-and one-half car lengths behind the plaintiff's automobile was

as a matter of law under all the circumstances not following too closely, etc., the pleadings of the plaintiffs alleging negligence have not been pierced. Accordingly, there is no burden on the plaintiffs to produce additional evidence or materials to prove their case. If upon the trial the situation were the same as to the evidence, the plaintiffs having the burden, a directed verdict might be proper; but that does not control on the motion for summary judgment here."

In *Continental Assurance Co. v. Rothell,* 121 Ga. App. 868 (2) (176 SE2d 259), modified by the Supreme Court as to another ruling, this court said: "A defendant, on whom the burden of proof at the trial does not lie, and who on motion for summary judgment in its favor does not pierce the issues made by the pleadings, or, under our present practice, disprove one or more of the essential elements of the plaintiff's case, does not carry the burden of such a movant merely because the evidence submitted fails to prove the plaintiff's case even though it be wholly or in part the deposition or affidavit of the plaintiff itself. There is no burden on the plaintiff to come forward with proof of his case until the evidence adduced prima facie disproves an essential element of plaintiff's theory of recovery. 6 Moore's Federal Practice 2347, par. 56.15 (3), n. 46; *Shadix v. Dowdney,* 117 Ga. App. 720 (162 SE2d 245). Accordingly, the evidence adduced on the defendant's motion for summary judgment not affirmatively disclosing that the insured's death was other than accidental, the trial court did not err in denying the defendant's motion for summary judgment. This is so, even should we assume the evidence failed to prove the plaintiff's side of the issue, that is, that the death was accidental. Merely because under the evidence adduced the defendant movant for summary judgment might be entitled to a directed verdict on the trial under the same evidence, does not necessarily authorize a summary judgment for the defendant. See *Southern Bell Tel. &c. Co. v. Beaver,* 120 Ga. App. 420 (3) (170 SE2d 737)."

In *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 795 (178 SE2d 710), a case where the defendant partner's liability to the plaintiff was predicated upon defendant's assumption of a corporation's obligation, this court, upon defendant's motion for summary judgment said: "While at the trial the burden would rest upon plaintiff to show that the partnership *had* assumed the obligation, on defendant's motion for summary judgment the burden rests upon defendant to show that it had *not* assumed it. 'On motion for summary judgment by a defendant on

the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts.' 6 Moore's Federal Practice, pp. 2342-2343 (2d Ed. 1966) § 56.15[3]. Accord: *Colonial Stores v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672); *Lanier v. Krzywicki,* 118 Ga. App. 54, 55 (162 SE2d 839); *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205, 207 (163 SE2d 256); *Herrington v. Stone Mountain Memorial Assn.,* 119 Ga. App. 658, 661 (168 SE2d 633); *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813, 819 (168 SE2d 827); *Wood v. Brunswick Pulp &c. Co.,* 119 Ga. App. 880 (169 SE2d 403); *D. H. Overmyer Co. v. Joe Summers Roofing Co.,* 120 Ga. App. 188, 189 (169 SE2d 821). *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114), where it was held: 'The defendant having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence . . . The grant of a summary judgment may be improper where, at the trial, the grant of a directed verdict may be proper, when the party making the motion for summary judgment is not required to carry the burden on the trial of the case [citations omitted].' "

Even where both parties make a motion as to each motion the burden of proof rests upon the respective party or parties making the motions. See in this connection *State of Ga. v. Snyder Bros. Co.,* 125 Ga. App. 91, 97 (186 SE2d 474). The burden is on the defendant to disprove the plaintiff's allegations of negligence and evidence which would merely produce an inference of lack of negligence is not sufficient to carry the defendant's burden of proof on his motion for summary judgment. *M. R. Thomason v. Wilson,* 125 Ga. App. 658, 662 (188 SE2d 805).

It is obvious from the rulings in these cases, and numerous other cases decided by this court, *that the defendant here* on its motion for summary judgment *must prove it was not negligent;* yet the majority, after discussing the evidence and the decisions cited by them, reach the conclusion that "There is no evidence that defendant or its agents were guilty of negligence," thereby placing

the burden of proof squarely on the shoulders of the plaintiff requiring her to prove her case, rather than placing the burden on the defendant to disprove plaintiff's case. It is equally obvious that the majority in the present case are using the very opposite approach to the solution of the problem presented on motion for summary judgment, made by a party on whom the burden of proof does not lie at the trial, than is required by the decisions of this court.

Further proof of this erroneous approach lies in the majority reliance on "slip and fall" cases delineating the requirements on the plaintiff *upon a trial* to prove *all* the essential elements of her cause of action in order to "recover" against the defendant. We have here no trial upon which the plaintiff has the burden of proof, but a motion for summary judgment by a defendant who has the burden of proof on motion for summary judgment. We are not deciding the right of the plaintiff to a recovery, but only her right to go to a jury. The majority even went so far afield as to hold: "Even if the testimony contained in the plaintiff's deposition could be said to create a genuine issue of fact as to a defect on the floor (which we hold it does not), there is no such testimony or any other evidence showing the defendant's awareness thereof or that the defendant would have become aware of its presence had it exercised ordinary care. In this particular, there is a fatal void in the plaintiff's case." The majority makes this ruling in the face of the fact that the defendant made no effort to pierce the pleading as to any other element of the case. To so rule on a defendant's motion for summary judgment is but a trap for a plaintiff, who has no burden of proof on such a motion by the defendant. *It also requires the plaintiff here to prove an element of her case upon which the defendant has offered absolutely no evidence.* This is not a misapplication of the rules but a total abandonment of the rules relating to motions for summary judgment made by one not having the burden of proof at the trial, and substituting therefor, rules applicable to the trial of the case, and thus treating a motion for summary judgment as equivalent to a trial. This denies the plaintiff her right of trial by jury. Nothing in the Summary Judgment Act was designed to accomplish this effect.

(b) Another element often overlooked, and overlooked here, is the requirement that moving party's evidence must demand a judgment in its favor, even if there is no evidence opposing the motion, or disputing the facts proven. This means, on motion by one not having the burden at the trial, such as the usual defendant,

the evidence must demand a finding that some essential element constituting plaintiff's cause of action is untrue. The expressions in the decisions that the defendant's evidence must be of the "necessary certitude," must "prima facie" pierce the pleadings, "must conclusively negate" some essential element of the plaintiff's case, mean just that. Paragraph (c), Section 56 of the Civil Practice Act (Code Ann. § 81A-156 (c)) states that: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with affidavits, if any, show that there is *no genuine issue as to any material fact* and that the *moving party is entitled to a judgment as a matter of law."* As was stated by the 5th Circuit Court of Appeals in Shahid v. Gulf Power Co., 291 F2d 422, 423: "Before rendering summary judgment the district court must determine both (1) 'that there is no genuine issue as to any material fact' and (2) 'that the moving party is entitled to judgment as a matter of law.' Rule 56(c), Federal Rules of Civil Procedure. Requisite (2) does not automatically follow from requisite (1)." See also Palmer v. Chamberlin, 191 F2d 532 (27 ALR2d 416).

Paragraph (e) of Section 56 of the Civil Practice Act, providing that "When a motion for summary judgment is made and *supported as provided in this Section,* an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response by affidavit, or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial," and that "if he does not so respond, *summary judgment, if appropriate,* shall be entered against him" (emphasis supplied) does not relieve the defendant of the burden placed upon him of producing evidence of the necessary certitude to disprove the plaintiff's case, in the event the plaintiff fails to come forward, or, in the present case, to prove affirmatively that the defendant is guilty of no negligence. The words "if appropriate" refer to the requirements of Paragraph (c) so providing. This provision of Paragraph (e) is a result of an amendment to the Federal Rules in 1963 (which we subsequently adopted in our Civil Practice Act) and we find expression in the committee notes, referring to what we have just quoted: "Nor is the amendment designed to affect the ordinary standards applicable to the summary judgment motion." And as was said in 6 Moore's Federal Practice (2d Ed.) p. 2162: "The purpose of this amendment was to overcome some judicial authority, notably in the Third Circuit, . . . that affidavits could not cut through well-pleaded allegations." This language was never

intended to relieve a movant on motion for summary judgment, particularly one on whom the burden of proof does not lie at the trial, of showing that he is entitled to a judgment as a matter of law by presenting uncontradicted evidence that demands a finding he has disproved the opposing party's case.

For these reasons, and others, I have heretofore expressed, I respectfully dissent from the judgment reversing the trial judge in overruling the defendant's motion for summary judgment.

I would affirm the trial judge.

I am authorized to state that Judge Quillian concurs in this dissent, and that Judges Deen and Evans concur in the result reached.